## SUPREME COURT.

### HOUGHTON agt. TOWNSEND AND OTHERS.

The word " defence" in the Code, *section* 149, *sub.* 2, is not there used in its legal technical sense. It has no application to that part of the answer which contains *denial* only, of the facts stated in the complaint; but it is used in reference to the statement of *new matter;* and it must be such new matter as constitutes a *defence.*

Now the question arises whether this new matter must constitute a complete *bar* to the action, in order to make a good defence ? In other words, in an action on a money demand, can the defendant plead *partial payment?* there being now no general issue where part payment or set off can be shown when the answer contains simply a *denial* of the complaint.

*Held,* that there is no way by which a defendant can now avail himself of the defence of *partial payment,* without pleading it.

And *it seems,* that the defendant should not plead *full payment* in bar, in order to avail himself of partial payment as a defence; but state the *facts* constituting the new matter, ( *See* 6 *How. Pr.* R. 433, *Willis agt. Taggard,* to the same point.)

*Allegany General Term, September,* 1853. MARVIN, BOWEN and MULLETT, J. J.

*Demurrer to answer, prior to the amendments of* 1852, *to the Code.* The action is for services rendered as attorney and counsel, and judgment for five hundred dollars is demanded. The defendants, among other defences, stated as a defence, that they, at divers times, paid to the plaintiff, for and on account of the services mentioned in the complaint, divers sums of money amounting in all to fifty dollars. This defence was separately stated. The plaintiff demurred to it for insufficiency. At special term judgment was ordered for the defendant with leave to the plaintiff to reply, or to apply to the court for such judgment or other relief as he might deem himself entitled to. From this order the plaintiff appealed to the general term.

G. W. HOUGHTON, in person, cited 2 *Hill,* 194; 5 *id.* 393, 290; 6 *id.* 418; 1 *Arch. N. P.* 182; 32 *Eng. C. L. R.* 414; 2 *Com. R.* 283, 286.

I. T. WILLIAMS, for defendants, cited *Code, sections* 149, 140; 5 *Hill R.* 80; 7 *Cow. R.* 281; 1 *C. R. N. S.* 363; 6 *How. Pr. R.* 433; 4 *Sand. R.* 667; 10 *Barb. S. C. R.* 321.

By the Court—MARVIN, P. J.—By the °system of pleading superseded by the Code, a plea must have answered the whole count or it was bad; in other words, a special plea must have contained facts which constituted a *bar* to the action. Boyd agt. Weeks, (5 *Hill*, 393;) Root agt. Woodruff, (6 *Hill*, 418.)

The plaintiff, in the present case, insists that this rule of pleading still exists; and that the answer which contains a statement of new matter must contain a statement of facts which will *bar* the plaintiff's action.

The question arises mainly under the second subdivision of section 149; the answer must contain, "2d, a statement of any new matter constituting a *defence*," &c. What is here meant by the word defence? Blackstone (*v.* 3. 296,) says, "defence in its legal sense, signifies not a justification, protection or guard, which is now its popular signification, but merely an *opposing* or denial (from the French verb defendre,) of the truth or validity of the complaint." (*See also* 1 *Chit. Plead., Appearance and Defence.*) Gould on Pleadings, (*ch.* 2, § 6,) says: "The term defence signifies, in the language of pleading, not a justification, but resistance or denial, as is very manifest from the established form in which defence is made." He adds, in section 15, "that in a less technical sense the word defence is used as well in legal as in popular language, to signify, not a clause or form in pleading, but the subject of the plea; thus, if in an action on contract, the defendant pleads infancy, or to an action of trespass or license, infancy in the one case, and license in the other is called the defence." It is quite clear that the word defence, in the Code, is not used in its legal technical sense. It has no application to that part of the answer which contains *denial* only, of the facts stated in the complaint; but it is used in reference to the statement of new matter, and it must be such new matter as constitutes a defence; and the question is, must it be matter which constitutes a complete *bar* to the action? In common parlance the word defence is used as

applicable to any facts which defeat the action wholly or par-
tially. The defendant may make the affidavit of merits, that
he has a good and substantial defence, if the facts exist which
entitle him to diminish the recovery of the amount claimed by
the plaintiff, or defeat some item of the claim, and yet the
action will not be barred. Is the word used in the Code in
this sense? It was held in this district, at special terms and
at general term, very soon after the Code became a law, that
facts proper in mitigation of damages, in actions for seduction,
slander, assault and battery and the like, could not be stated
in the answer, and such facts were striken out, and this has
been so held repeatedly in other districts.

No difficulty arises in practice from these decisions. If the
defendant denies the allegations of the complaint, he may, as
formerly, give evidence of the facts proper to mitigate dama-
ges, and if he cannot, with truth, deny the allegations in the
complaint, he can appear to the action, and will be entitled to
notice of the assessment of damages before the jury ordered or
the referee, and he can then mitigate damages in the same
manner as formerly, upon a writ of enquiry. As to which see
*Gra. Pr.* 794, *et seq.* These principles, however, have no
application to the present question. It is not claimed that the
defendant, if he failed to answer, would be permitted to show
payment of a part of the plaintiff's demand; nor is it claimed
that he would be allowed to do so, if he had simply denied the
allegations of the complaint.

Under the system superseded, it was a rule, that when a
defendant had a partial defence, not available by special plea
in bar, he might give evidence of it under the general issue.
(2 *Hill,* 194; 21 *W.* 279.) We have now no general issue,
and I do not understand that payment or set off can now be
shown, when the answer is simply a denial of the complaint.
A partial payment or set off, is, in common parlance, a defence
*pro tanto,* and how is the defendant, by his pleading, to avail
himself of such defence? In the present case the plaintiff
argues, that the defendant should have pleaded payment as for-
merly, that is full payment, thus stating facts which would bar

the action, and he refers to authorities to show, that under such pleadings, if the defendant, on the trial, proved the payment of any sum, he would succeed upon the issue, unless the plaintiff proved a larger sum due, and that he would then only recover the balance. (*See* 5 *Hill* 290; *id.* 393.) But is this the system of the Code? Was this the design? The commissioners say: " We propose that the plaintiff shall state his case according to the facts, &c.; that the defendant shall, by his answer, point out his *defence* distinctly." (1*st Report*, 141.) The Code abolishes all previous *forms* of pleading, and prescribes the forms of pleadings in civil actions, in courts of record, and the rules by which their sufficiency is to be determined. These forms and rules apply to all civil actions in courts of record, embracing suits previously known as equitable, and of which the Court of Chancery took cognizance, as well as actions, known as actions at law, and of which the *law* courts took cognizance. There was a marked distinction in the systems of pleading in the two courts. The Code has attempted to combine or amalgamate these systems, or rather it has created a new system, applying it to all the suits and actions to which the two former systems were applied.

It was also an important part of the system of the commissioners, that the pleadings should be verified. (1*st Report, p.* 145.) Could it have been intended, in a case where the defendant had actually owed the plaintiff a thousand dollars, and had only paid him on account of such debt, one hundred dollars, that he should when sued, the whole $1000 being claimed, be compelled to answer and state, generally, as new matter, that he had paid the debt or demand, and swear to the truth of his answer, when he knew that he still owed the plaintiff $900 of the original demand? I do not think such was the intention.

It may be worthy of remark, that in the original Code, nothing was said, in that part of it, relating to actions in courts of record, touching set off or recoupment, and yet it can hardly be supposed that it was intended to deprive a defendant of his set off or recoupment of damages; and I suppose that a defend-

ant could have availed himself of these, under the Code as it then was, by a statement of the new matter by way of · *defence*, though it would not have necessarily constituted a full defence or bar to the action. And so Justice WILLARD held in Willis agt. Taggard, (6 *How. Pr. R.* 433,) as to recoupment.

In Graham agt. Stone, (6 *How. Pr. R.* 15,) the action was slander. The defendant denied the allegations in the complaint, and without justifying, stated matters in mitigation of damages. Justice JOHNSON held that he had no right to state these matters, and that the answer was insufficient. He added that the new matter constituting a defence must be taken to mean a *defence in bar* of the action, as the general term was before used and understood in pleadings. This remark was not necessary to the decision of the case. In Smith agt. Waite, (7 *How. Pr. R.* 227,) Justice HARRIS held that in an action for breach of promise of marriage, the defendant could not state facts simply in mitigation of damages. The learned justice remarks, that the Code authorizes the defendant to plead any new matter constituting a defence. It is but an enactment of the common law rule upon the subject, &c., and he refers to Graham agt. Stone.

The defendant, in Smith agt. Waite, had denied the allegations in the complaint, and, in a statement of new matter constituting a defence, he inserted the mitigating matter and it was striken out. Though I concur in the correctness of these decisions, they are not, as I think, in point. In those cases the evidence in mitigation of damages could have been given without pleading the facts. In the present case I know of no way by which the defendant can avail himself of the defence of partial payment, without pleading it. Clearly he could not do so under a *denial* answer simply, and I am not prepared to hold, that he is bound to plead a full payment, when he may know that he still owes a large balance. The defendant may offer to allow judgment to be taken against him for a certain sum, (*Code,* § 385,) but suppose the plaintiff declines the offer, or suppose the defendant wishes to contest a portion of the remainder of the demand?

I do not see that any inconvenience can arise from this practice. The plaintiff, when these pleadings were made, could have replied to the answer, and put in issue the payment of the fifty dollars or any other sum. If the facts stated were true, no reply was necessary, and on the trial the facts stated, viz: the payment of $50,00, amount of the services in the complaint named, would have been taken as true. By the amendment of 1852, to section 153, neither a demurrer or reply is admissible to an answer of payment, as payment cannot be regarded as a counter claim. As the Code was when the pleadings in this case were served, the plaintiff could demur for *insufficiency*, to an answer containing new matter, &c. Now he may demur for *insufficiency*, when the answer contains new matter constituting a *counter claim*. What are we to understand by insufficiency? The word is borrowed from the old chancery pleadings. An answer was said to be insufficient when it was not a full answer to the facts and charges contained in the bill. Insufficiency had no reference to the question whether the answer contained a defence. I do not suppose the word is used in the Code in that sense, but it means an answer which does not state "new matter constituting a defence," or as the Code now is, "new matter constituting a counter claim," thus, as to an answer not containing new matter constituting a counter claim, but new matter as a defence, bringing us back to the word *defence*, as used in section 149. We are constantly embarrassed with the language of the Code. Words are used whose meaning is not precise or defined, or they are used in a sense not previously attached to them by writers on law. In considering the various provisions of the Code, it is very important that we ascertain as clearly as possible, the system of pleading designed by its authors. As we have seen, both of the old systems as to forms in courts of law and courts of equity are abolished, (*section* 140.) And the great rule for our guide in preparing the complaint, is, that it shall contain a concise statement of facts constituting the cause of action. This rule is sufficiently broad to include all cases legal or equitable. The facts constituting a case for equitable

relief may be very different from the facts entitling the plaintiff to such relief as was obtained in an action at law, and if so, this rule in the Code permits those facts to be stated. I do not understand that the mode of stating the *facts* which constitute the cause of action, has been essentially changed or modified by the Code; and I have supposed that the old precedents stating *the facts* constituting the cause of action, might be, as a general rule, safely followed, avoiding the mere conclusions of law or statements of evidence. As we are now but little assisted by·the names or classification of actions, formerly regarded as great aids in acquiring a knowledge of the law, we must look to the facts stated in the complaint for the purpose of determining the character of the action, whether legal or equitable, as the modes of trial still differ, and also generally the relief.

The great rule as to the answer, passing over that touching denial, is that it must contain a statement of *new matter*, constituting a *defence*. It is not declared that the new matter shall constitute a *bar*, unless the word defence means a bar. In an answer in Chancery, in a proper case, the defendant could set forth partial payments of the amount claimed in the bill. This would not, however bar the suit, but, if established, would constitute a defence *pro tanto*. Suppose, in the very common action, now to foreclose a mortgage, the plaintiff sets forth the condition of the bond, showing that a certain amount is due, and claims such amount, may not the defendant state, as new matter, that he has from time to time made payments upon the bond, stating the amounts, and thus reduce the amount claimed without pretending in his answer that he has paid the whole amount? Would it occur to us that such an answer was objectionable? I think not. Where is the authority for such an answer? It is to be found only in the 2nd sub-division of section 149 of the Code, and under the word *defence*.

Without, however, going beyond the precise question presented in this case, in my opinion, the answer, containing a statement of the partial payment of the plaintiff's demand, as set forth in his complaint, is authorized by the Code, and the

demurrer to it, for insufficiency, is not well taken, and I think, Willis agt. Taggard, (6 *How. Pr. R.* 433,) is, in principle, an authority in point.

The order of the special term should be affirmed but without costs.