## Case No. 10,656.

### PACKWOOD v. CLARK et al.

[2 Sawy. 546.] [1]

Circuit Court, D. Oregon. Feb. 16, 1874.

NOTES — FAILURE OF CONSIDERATION — SHERIFF'S CERTIFICATE OF PURCHASE OF REAL ESTATE.

1. The law presumes that a promissory note is given and indorsed for a sufficient consideration, and when it is alleged by the maker or indorser thereof that it was given or indorsed without consideration, or that the consideration therefor has failed, the burden of proof is upon the party making the allegation.

2. Where a note was given solely in consideration of the assignment of two certain sheriff's certificates of sale of real property, a plea of total failure of consideration to an action thereon is not supported by proof that only one of such certificates was so assigned.

3. Under the Code, a partial failure of consideration is not a defense to an action upon a promissory note, but the same must be set up as a counter claim, and in that case it must be pleaded and proved in the same manner as in a separate action thereon.

4. A sheriff's certificate of sale of real property is of value to the purchaser, and an assignment by him of the same is therefore a sufficient consideration for a promissory note.

This action was brought [by William H. Packwood against George H. Clark and others] to recover the sum of $3500 due upon a promissory note, with interest thereon from May 23, 1873.

John A. Reed, Walter Thayer, and O. P. Mason, for plaintiff.

H. T. Bingham, for defendants.

DEADY, District Judge. The complaint alleges that on the day and year aforesaid, one Arthur T. Rice made his promissory note and thereby promised to pay the sum and interest aforesaid to J. W. Virtue or order, at the national bank of Cook & Co., Chicago; and that defendants in their firm name aforesaid, prior to the delivery of said note, "duly indorsed the same;" and that afterwards said Virtue "for a valuable consideration, duly indorsed" the same to the plaintiff, who is now the owner and holder thereof.

That upon the maturity of said note payment thereof was duly demanded and refused, and the same was protested for nonpayment, and notice thereof given to said indorsers, etc.

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

The defendants by their amended answer admit the allegations of the complaint, with the qualification that said note was made payable to Virtue at the plaintiff's request, and by the former indorsed to the latter without consideration; and for a defense thereto, allege that they indorsed said note, and other similar ones, amounting in the aggregate to $29,700, solely in consideration of the performance of an agreement whereby the plaintiff and one T. J. Carter then and there undertook and promised to assign to the defendants the certificates of sale given by the sheriff upon the sale of the El Dorado ditch, on executions issued out of the circuit court, for Baker county, Oregon, to enforce two several judgments, in said court against the Malheur and Burnt River Consolidated Ditch & Mining Company—one in favor of C. M. Carter for the sum of $24,442.22, and the other in favor of the plaintiff for the sum of $20,809.39.

That the consideration for said note totally failed, because: 1. Said certificates of sale at the date of said agreement "were of no value whatever;" and 2. Said certificates of sale, or either of them, were never assigned or delivered to said defendants.

The plaintiff in his reply denies that said certificates of sale were of no value, and that the same were not assigned to defendants, and avers that said certificates "were sold, assigned and delivered to defendants at the time of making said agreement."

Upon this state of the pleadings, the burden of proof is upon the defendants. Until the contrary is shown the law presumes that the note was given and indorsed for a sufficient consideration. Code Or. 338. The issue in the case arises upon the new matter in the answer controverted by the reply, and the defendants substantially assert the affirmative of it.

On the trial the defendants offered no evidence, but the plaintiff did. By consent the latter gave in evidence a copy of the certificate of sale given upon the Carter judgment, dated February 15, 1873, with the assignment thereon, dated May 23, 1873, signed by the plaintiff and T. J. Carter, from which it appears that the El Dorado ditch was, on said February 15, sold to plaintiff and said Carter, as the property of said ditch and mining company, for the sum of $43,000, gold coin.

The plaintiff also called T. J. Carter, who testified that the certificate of sale given in evidence was the only one that existed at the time of making the notes, or since, and that it was then and there assigned and delivered to the agent of the defendants in pursuance of the agreement.

The proof shows a part performance of the agreement. One of the certificates was assigned in pursuance of the agreement. And although it is impossible, as the case stands, for the court to say what is the relative value of this certificate to the other one mentioned

in the agreement, because it does not appear which is the elder judgment, the one in favor of Packwood or Carter, yet it is manifest that this one was of some value to the plaintiff and his co-obligee (Carter), because it is evidence of the payment of $43,000 for the El Dorado ditch, and their right to a sheriff's deed for the same, with this sum applied in satisfaction of both judgments, which were a lien thereon. The assignment transferred this right to the defendants. The balance remaining due on the two judgments was a mere trifle, and in effect the assignment of the one certificate of sale was as beneficial to the defendants as both would have been. Johnson v. Titus, 2 Hill, 608; Perley v. Balch, 23 Pick. 286.

Be this as it may, the proof does not sustain the defense of a total failure of consideration. A failure of consideration to be a defense to an action on a note, must be total. Reese v. Gordon, 19 Cal. 149; Harrington v. Stratton, 22 Pick. 513.

When some portion of the consideration still remains the defense can only come in by way of recoupment of damages for the partial failure. Spalding v. Vandercook, 2 Wend. 432; Batterman v. Pierce, 3 Hill, 171; Barber v. Rose, 5 Hill, 76; Reese v. Gordon, 19 Cal. 149; Harrington v. Stratton, 22 Pick. 513.

Under the Code, the damages, if any, arising from the failure to assign the second certificate of sale, may be recovered or allowed the defendants as a counter claim to the sum due upon the note. But in such case the defendants must plead and prove the counter claim in the same manner as if they had elected to bring a separate action therefor. Edw. Bills & N. 333; New Jersey Steam-Nav. Co. v. Merchants' Bank, 6 How. [47 U. S.] 433; 8 How. Prac. 441; Burton v. Stewart, 3 Wend. 240; Perley v. Balch, 23 Pick. 286.

The issue taken upon the defense of total failure of consideration being found for the plaintiff, the conclusion of law is, that the defendants are indebted to the plaintiff as he hath alleged against them.