## TOWN v. BRINGOLF ET AL.

1. **Pleading:** ANSWER: ATTACHMENT. A counter claim is an answer (Code, § 2655), and a suit for damages on an attachment bond, by the defendant in the main action, is a counter claim. That the counter claim is interposed merely for delay, and not in good faith, does not affect the legal rights of the parties.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 20.

On the 26th day of July, 1876, the plaintiff commenced an action against the defendants on two promissory notes, together

amounting to the sum of $8,300, executed by J. Bringolf & Son to D. M. Bringolf, and by him indorsed, and procured an attachment to be levied upon real estate of the defendants, on the ground that they were about to dispose of their property with intent to defraud their creditors. On the 12th day of September, 1876, the defendant, D. M. Bringolf, filed an answer admitting the execution of the instruments sued upon, and claiming of plaintiff, and G. M. Hippee and F. R. West, sureties upon the attachment bond, the sum of ten thousand dollars damages, for the alleged wrongful suing out of the attachment. The defendant, J. Bringolf, filed a separate answer, neither admitting nor denying the execution of the notes sued on, and also claiming ten thousand dollars damages, on account of the suing out of the attachment. Afterward, on the 20th day of September, the plaintiff filed a motion for a judgment against the defendants, for want of answer or defense, and on the 22d day of September the plaintiff filed a motion for judgment for the amount claimed in his petition, because he is entitled to the same upon the face of the pleadings. The court overruled both motions, to which action the plaintiff excepted. On the 11th day of November, 1876, the plaintiff perfected his appeal. Afterward, on the 8th day of January, 1877, the defendant, J. Bringolf, filed his answer alleging that he had been adjudged a bankrupt, and asking that proceedings be stayed until the bankruptcy proceedings could be determined.

*Phillips, Goode & Phillips*, for the appellant.

*Barcroft, Given & Drabelle*, for the appellees.

Day, Ch. J. Plaintiff insists that he was entitled to judgment under section 2635 of the Code, which provides: "The

1. PLEADING: answer: attachment.

defendant shall, in an action commenced in a court of record, demur, answer, or do both, as to the original petition before noon of the second day of the term." It is claimed that here there was no response, neither demurrer nor answer, as to the original petition. Section 2655 of the Code provides that the answer shall contain a

statement of any new matter constituting a counter claim. A counter claim is thus, by express provision of statute, made an *answer* to the original petition. Section 3017 of the Code provides: "The fact stated as a cause of attachment shall not be contested in the action by a mere defense. The defendant's remedy shall be on the bond, but he may, in his discretion, sue thereon by way of counter claim, and in such case shall recover damages as in an original action on such bond." We have thus the provision that a counter claim is an answer, and that a suit for damages on the attachment bond, by the defendant in the main action, is a counter claim. These two provisions are conclusive that defendants had not failed to answer as to the original petition, when judgment was asked against them. See also *Branch of the State Bank of Iowa City v. Morris*, 13 Iowa, 136, construing the corresponding section, 3238, of the Revision. It may be, as appellant insists, that this counter claim was not interposed in good faith. But we know of no authority for disregarding an answer which the statute authorizes, even if it be interposed for no higher motive than to delay judgment. There is no means of determining that the defense is frivolous but by a trial. The judgment is

AFFIRMED.