YARGER v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

**Pleading:** VERIFICATION OF COUNTER-CLAIM. Where the petition is verified and the answer contains a defense and also a counter-claim, Code, section 2669, requires that not only the defense part, but the counter-claim also, be verified,—it being a "subsequent pleading" within the meaning of that section. (Compare *Innes v. Krysher*, 9 Iowa, 296.)

*Appeal from Chickasaw District Court.*—HON. L. O. HATCH, Judge.

FILED, OCTOBER 25, 1889.

THIS action was commenced in justice's court to recover the sum of twenty-four dollars claimed by plaintiff to be due on account. The petition was duly verified. Defendant filed an answer which contained a general denial, and also a counter-claim for the sum of one hundred dollars alleged to be due defendant from plaintiff. The answer was verified as to all it contained

excepting the counter-claim. A motion to strike the counter-claim from the answer, on the ground that it was not verified as required by law, was sustained. Proceedings in error were instituted by defendant, and the ruling and judgment of the justice were affirmed. Defendant appeals.

*J. W. Sandusky* and *Noble & Updegraff*, for appellant.

*Springer & Clary*, for appellee.

ROBINSON, J.—The question of law which we are required to determine, as stated by the trial judge, is as follows : "When the petition is duly verified, and the answer, the defense part of which is also duly verified, contains a counter-claim which is not verified, and a motion is made to strike out the counter-claim because it is not verified, should the motion be sustained or overruled?" It is contended by appellant that the counter-claim constitutes no part of the defense set out in the answer; that it is a statement of facts, constituting a new and distinct cause of action in favor of defendant, which, having been filed before the withdrawal of plaintiff's case, may be prosecuted to judgment despite his objections; that it is inserted in the answer because the statute requires it; but that, being a primary insertion of an independent cause of action, it does not fall within the provisions of the Code in regard to the verification of subsequent pleadings. It was said in effect, in *Freeman v. Fleming*, 5 Iowa, 463, that a counter-claim was not a defense to the claim of the plaintiff. The same thought was expressed in *Haywood v. Seeber*, 61 Iowa, 576, where it is said that "a defense denies the right of recovery, and shows that plaintiffs never had a cause of action, or that it has been discharged as by payment," but that "a counter-claim does not deny the cause of action or plaintiff's right to recover thereon." We do not question the conclusions announced in those cases so far as they relate to the matter

under consideration. A counter-claim will not prevent the plaintiff from obtaining full credit for the amount due him, and yet, if established, it affects his right to judgment. In a sense it is a defense to the action, and a plaintiff would not be entitled to judgment because the cause of action set out in his petition is not denied if a counter-claim be pleaded. *Town v. Bringolf*, 47 Iowa, 133. Section 2669 of the Code contains the following provision : " When any pleading in a case shall be verified by affidavit, all subsequent pleadings except demurrers shall be verified also." The Code expressly provides that an answer may contain "a statement of any new matter constituting a counter-claim," and that a defendant may set forth in his answer as many causes of counter-claim as he may have. Section 2655. An answer need contain nothing but a counter-claim. The chief object of a plaintiff in requiring the verification of the answer is to prevent the pleading of false claims and the making of sham defenses for the purpose of delay, and the reason for requiring the verification of a counter-claim in such a case would be as strong as it would for the verification of any other part of the answer. In this case the answer was a subsequent pleading within the meaning of the statute, and the counter-claim was a part of it. The petition having been verified, the statute made it necessary that the answer should be verified as to all its parts. Hence the counter-claim was properly stricken out for want of verification. The conclusion we reach in this case is not in entire harmony with that announced in *Innes v. Krysher*, 9 Iowa, 296, but we are of the opinion that, so far as there is conflict, the conclusion we now reach is supported by reason, and is required by existing statutes. The judgment of the district court is

AFFIRMED.