# Schaungut's Adm'r *v.* Udell & Crunden.

*Statutory Claim Suit for Stock of Furniture.*

1. *Sale of goods by insolvent or embarrassed debtor; validity as against creditors.*—A sale of his stock of goods by a debtor who is insolvent, or in embarrassed circumstances, with the intent to hinder, delay or

[Schaungut's Adm'r v. Udell & Crunden.]

defraud his creditors, will be set aside and held void at the instance of his creditors, though the purchaser may have paid a valuable and adequate consideration, if he had notice, actual or constructive, of such fraudulent intent; and information of suspicious circumstances, which would have excited inquiry by a person of ordinary care and prudence, and which, if honestly pursued, would have disclosed such intent, charges him with constructive notice.

2. *Abstract charges*, asserting a correct legal proposition, are not ground of reversal, unless this court is reasonably convinced that, when referred to the evidence in the case, they must have misled the jury; but a charge can not be considered abstract, when there is any evidence, however weak and inconclusive, tending to support the hypothesis on which it is based.

3. *Argumentative or misleading charges*, which assert correct legal propositions, are not ground of reversal, when their misleading tendencies might be remedied by additional or explanatory charges.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. HENRY C. SPEAKE.

This was a statutory action to try the right of property in and to a stock of furniture, on which an attachment was levied, at the suit of Udell & Crunden, a partnership, as the property of their debtor, the Sheffield Furniture Company, and of M. Morris, the sole member of that company; and to which a claim was interposed by A. Schaungut, as a purchaser from said Morris prior to the levy of the attachment. The claimant died pending the suit, and it was revived in favor of his administrator, the present appellant. Under the rulings of the court, in the matter of charges given and refused, the jury found the property subject to the attachment; and these rulings are here assigned as error.

THOS. R. ROULHAC, for appellant.

KIRK & ALMON, *contra*.

CLOPTON, J.—Appellees having sued out and caused a writ of attachment to be levied on the furniture mentioned in the sheriff's return, A. Schaungut, appellant's intestate, made affidavit claiming the furniture as his own, and executed bond for the trial of the right of property. The claimant derived title by a purchase from M. Morris, who was the sole member of the Sheffield Furniture Company, of the entire stock of furniture belonging to the company, for which he claimed to have paid the sum of twenty-five hundred dollars, part cash, part in a negotiable note, payable at ninety days, with interest. Fraud *vel non* was the sole issue involved in the trial of the right of property. The appeal is taken from the judgment of condemnation. The several charges given at request

of plaintiffs, and the refusal to give the affirmative charge in favor of claimant, are assigned for error.

The charges given assert, in varying phraseology and with more or less particularity and fullness of expression, the general proposition, that a sale of his property by a debtor who is insolvent, or in failing circumstances, with intent to hinder, delay or defraud his creditors, of which intent the purchaser has actual notice, or information of such suspicious circumstances as would lead a person of ordinary care and prudence to make inquiry, which, if honestly entered upon and followed up, would have disclosed such intent, is fraudulent as to the creditors of the seller, though the vendee may pay an adequate and valuable consideration. The correctness of the legal proposition announced is not, and can not be, assailed. The specific objection urged to the first charge is, that it pretermits the *onus* cast on plaintiffs by the law, of showing notice to the purchaser of the fraudulent intent of the debtor, when payment of a fair and reasonable price is proved, by assuming, upon the mere premise of Morris' insolvency, that Schaungut knew, or had information calculated to stimulate inquiry, which, if followed up, would have led to the discovery that Morris' purpose was to put the property beyond the reach of his creditors, though he had paid a fair consideration. We do not think the charge obnoxious to the objection. It literally asserts the rule announced in *Crawford v. Kirksey*, 55 Ala. 282, 293, from which it was evidently copied, and which has since been repeatedly declared. The charge involves no question as to the burden of proof.

It is objected to all the charges, that they are abstract and misleading; the specific ground of objection being, there is no evidence of facts or circumstances from which notice of Morris' financial condition, or his fraudulent design, may be inferred. Were the charges conceded abstract, the rule uniformly adopted by this court is, that giving an abstract charge, asserting a correct legal proposition, is not a reversible error, unless we are reasonably convinced, when referred to, and compared with the evidence, it must have misled the jury. This can not be affirmed, unless the charge is directly opposed to all the evidence, or there is an entire absence of proof supporting its hypothesis. But, are the charges abstract? If there be any evidence, however weak or inconclusive, tending to show, or from which, though it may not be without conflict, the jury are authorized to draw the deduction or inference, that Schaungut had notice, or was culpably ignorant of Morris' fraudulent intent—unless the court can instruct the jury, as matter of law, that there are no circumstances attending the

sale which should have put him on inquiry—the charges can not be considered abstract. Upon a careful consideration of the record, we can not affirm there is no evidence applicable to the charges.

We shall not follow counsel for both parties in the elaborate and ingenious discussion of this question. The time of the arrival of Schaungut at Sheffield; the consummation of the sale in haste on the next morning, without examination of the stock of furniture, other than an inventory prepared previously when he was not present; the pendency of suits against Morris, and probability of judgments going against him on the day of sale; the payment of the purchase-money, first in a check on a bank in Greenville, Mississippi, and the substitution therefor of money, and a negotiable note soon afterwards; the conflict in the testimony of Morris and Levine as to the place and circumstances of the transactions; the embarrassed condition of Morris, and the pressure for money at that time upon the firm of which Schaungut was a member, and the sale of the entire stock of furniture, were facts and circumstances from which, if unexplained, the jury were authorized to infer notice, actual or constructive. While they do not necessarily prove Schaungut's knowledge of Morris' failing condition, or of his fraudulent intent in making the sale, yet plaintiffs had a right to request instructions predicated on proof of these facts, thereby having the question of notice submitted to the jury.

The second, fourth and fifth charges are objectionable, either because of argumentativeness, involvement, or as calculated to mislead. But the judgment will not be reversed on this account, when charges assert correct propositions of law. If claimant deemed any modification or qualification necessary to prevent their apprehended misleading tendency, additional instructions should have been asked.

For reasons above stated, the affirmative charge in favor of claimant was properly refused.

Affirmed.