# Skains *v.* Barnes.

*Bill for Specific Performance, and Redemption.*

(Decided Feb. 10, 1910.   Rehearing granted July 6, 1910.
53 South. 268.)

1. *Equity; Bill; Amendment; Multifariousness.*—Construing section 95, Constitution 1901, and section 10, Code 1907, it is held that since the word, "defense" as so used therein has reference to substance and not to form, that where an original bill for specific performance was filed before the amendment to section 3095, Code 1907, an amendment to the bill filed after the amendment of said section seeking to recover alternate relief on the theory that the same transaction was of a mortgage and seeking redemption therefrom, did not render the bill multifarious.

2. *Words and Phrases; · Misjoinder; Defenses.*—While not entirely synonymous the common law term "misjoinder" and the equity term "multifarious" have much in common, they each token improper joinder, and both have reference to the confusing result thereby wrought.   Neither goes to the substance of the claim but merely assert improper rejoinder of causes of action, and since these terms go only to the form and not to the substance, objections to either or both are no defenses within the accepted meaning of that term.

(Dowdell, C. J., Mayfield and Evans, JJ., dissenting.)

APPEAL from Crenshaw Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Amos Skains against J. M. Barnes originally filed for specific performance and afterwards amended by setting up that the same transaction was a mortgage and praying a redemption therefrom.   From a decree sustaining a demurrer to the bill complainants appeal. Reversed, rendered and remanded.

GUNTER & GUNTER, and L. A. SANDERSON, for appellant.   In sustaining the demurrer the chancellor overlooked the nature of the bill, and the recent statute.— Sec. 3095, Code 1907.   The right to redeem where the mortgagor has conveyed to the mortgagee the equity of

[Skains v. Barnes.]

redemption is well settled.—*Villa v. Rodriguez,* 12 Wall. 323; *Woodruff v. Adair,* 9 A. & E. Dec. in Eq. 671 and note; *Russell v. Southard,* 12 How. 139; *Thompson v. Lee,* 31 Ala. 292; *Gunn v. Brantley,* 21 Ala. 633. Where the relation of mortgagor and mortgagee is fully established then the dealing between the parties is closely scrutinized.—*Turnipseed v. Cunningham,* 16 Ala. 501. Section 3095, as amended applies to the amendment in this case and saves the bill from the charge of multifariousness.—Sec. 10, Code 1907; *Western Ry. of Ala. v. Hart,* 49 South. 371; *Mazange v. Slocum,* 23 Ala. 668; *Poull & Co. v. Foy-Hayes Const. Co.,* 48 South. 785. The trend of evolution in the law is towards the elimination of senseless distinction.—I Dec. Dig. sec. 48, et seq.; *Dugger v. Taylor,* 46 Ala. 320; s. c. 60 Ala. 504. Unless the complainant is allowed under this section to present by amendment every phase of his case allowed under section 3095, the judgment or decree on a single phase of this case presented on the original bill would be res judicata as to every phase. *Tankersly v. Pettis,* 71 Ala. 179; *Frankenheimer v. Slocum,* 24 Ala. 373.

M. W. RUSHTON, for appellee. An original bill and an amended bill form one entire bill.—*King v. Avery,* 37 Ala. 169; *Adams v. Phillips,* 75 Ala. 461; *Winston v. Mitchell,* 93 Ala. 555; *Winter v. Quarles,* 43 Ala. 692. A bill to cancel a deed cannot be changed by amendment so as to convert it into a bill for specific performance.—*Gardner v. Knight,* 124 Ala. 273. An amendment is regarded as making a new case where it changes the right and character in which complainant proceeds or varies substantially the kind of relief.—*Glass v. Glass,* 75 Ala. 36; *Ward v. Patton,* 75 Ala. 207; *Scott v. Ware,* 64 Ala. 174; *Stein v. McGrath,* 116 Ala. 598.

An amendment should not be allowed if the same defenses would not be applicable or if the relief to be awarded was different in character.—*Wilson v. Mitchell, supra; Caldwell v. King,* 76 Ala. 149; *Park v. Lyde,* 90 Ala. 246; *Napier v. Gold City,* 69 Ala. 476. The amendment to the original bill in this case is repugnant to and variant from the matters in the original bill.—*Rumble v. Stratton,* 24 Ala. 712; *Larkins v. Riddle,* 21 Ala. 252; *Williams v. Bonds,* 28 Ala. 613; *Crabb v. Thomas,* 25 Ala. 212; *Baker v. Graves,* 101 Ala. 249, and authorities supra.

McCLELLAN, J.—The original bill sought the specific performance of a contract; but by amendment alternative relief was sought on the theory that the same transaction was of mortgage and in this aspect redemption was prayed for. The original bill was filed before the Code of 1907 (section 3095 as amended) went into effect. The amendment indicated was made after the cited statute became effective. That statute, as amended, reads: "Unless taken by demurrer, objection to a bill for multifariousness must not be entertained. A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction, or relating to the same property between the same parties."

Unless inhibited by section 10 of the Code of 1907, or by this provision in section 95 of the Constitution of 1901, "after suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, *or destroy any existing defense to such suit.*" (italics supplied), it is obvious that the quoted statute (3095) applied to the bill at bar so as to render it immune from demurrer on the ground of multifariousness after amendment. Section 10 pro-

[Skains v. Barnes.]

vides: "This Code shall not affect any existing right, remedy, or defense. * * * But this section does not apply to changes in forms of remedy or defense, to rules or evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in civil causes. * * *" As respects the effect of section 10 upon the applicability of section 3095 to this cause, after amendment of the bill as indicated, it is further obvious that the inquiry must be resolved by the response to the question: Is multifariousness a defense, or is it a matter of pleading merely? The inquiry is likewise controlled in determination by the factor present in section 95 of the Constitution of 1901. In both particulars the conclusion must be cast by the response to the question stated above. Gould's Pleading, in section 15, p. 32, thus defines the term "defense:" "It is almost unnecessary to observe that in a less technical sense the word 'defense' is used, as well in legal as in popular language, to signify, *not a clause or form in pleading* [italics supplied], but the *subject-matter* of the plea. Thus, if to an action on contract the defendant plead infancy, or to an action of trespass, a license, infancy, in the one case, and a license, in the other, is called defense." Gould's definition, quoted, was appropriated and approved by the New York court in *Houghton v. Townsend*, 8 How. Prac. 441.

The Nebraska court has thus defined the word: "The word 'defense' applies to every matter tending to diminish or entirely defeat the plaintiff's *cause of action* (italics supplied)."—*Baier v. Humpall,* 16 Neb. 127, 20 N. W. 108.

The South Carolina court, in interpreting the phrase employed in the Constitution, "shall be no defense to an action," held it to mean, "shall not defeat an action"; and added this to the statement: "The Constitution

did not intend to deal with pleadings, but with a principle of law."—*Youngblood v. S. C. Ry.,* 60 S. C. 9, 38 S. E. 232, 85 Am. St. Rep. 824.

At common law, strictly speaking, a distinction was taken between a denial and a "defense." A denial was said, in effect, to be a traverse only of the complaint. On the other hand, a "defense" was said "to consist of an affirmative statement of new matter only."—13 Cyc. pp. 762, 763, and notes; Gould's Pleading, pp. 28-32.

The Iowa court in *Haywood v. Seeber,* 61 Iowa, 574, 576, 16 N. W. 727, 728, declared: "A defense denies the right of recovery, and shows that the plaintiff never had a cause of action, or that it has been discharged, as by payment. * * *" This pronouncement was reiterated in *Yarger v. Chicago R. Co.,* 78 Iowa, 650, 651, 43 N. W. 469.

From these definitions of the term "defense," whether it be read with the strictness early prevailing at common law or with the more comprehensive meaning given the term by Gould in the quotation before made from that author, or with that favored and announced in the adjudications cited (and many to like effect might be added), it is clear that in ordinary acceptation and employment "defense" has reference to substance and not to form, that it signifies matter tending to defeat the plaintiff's cause of action, and not merely the form in which the plaintiff undertakes to state his cause of action. Section 10 emphasizes the correctness of this conclusion when it is noted that express provision is made therein that "this section does not apply to changes in forms of remedy or defense." Multifariousness "consists in improperly joining in one bill several distinct and independent matters and thereby confounding them."—16 Cyc. 239; 14 Ency. Pl. & Pr. pp. 195, 197. While not entirely synonymous, the common-

law term "misjoinder" and the equity term "multifarious" have much in common. They each token improper joinder.—14 Ency. Pl. & Pr. p. 201. Neither term has reference, in the abstract, to the merits of the cause of action attempted to be singly pleaded, but to a confusing result wrought by their joinder in statement in one pleading. The assertion of neither goes to the right of plaintiff or complainant to recover upon the substance of his claim (cause of action), but only and merely asserts the improper joinder of two or more causes of action. This being obviously the true nature of the objections for "misjoinder" and "multifariousness," the conclusion is inevitable that such objections are not defenses within the known and accepted meaning of that term. They go only to form, and not to substance. As employed in section 95 of the Constitution, the term "defense" has the like significance. It means matter going to the cause of action, not merely to the form in which the pleader states his cause of action.

The question in hand was treated and decided in the recent decision of *Western Railway v. Hart,* 160 Ala. 599, 611, 49 South. 371. There the question arose over alleged misjoinder in an action at law, and the objection was invited by amendment of the complaint after the Code of 1907 went into effect, as is the condition in the cause at bar. The conclusion there was that section 10 applied to avoid in such actions the suspension of the statute (section 5329) allowing defined joinders in actions at law. Whether that decision in the particular indicated is dicta or not, it annuonced and applied in statement a sound ruling in the respect mentioned. Our view on the question now presented accords with the pertinent doctrine of that decision. It accordingly results that there was error in sustaining the demurrer

on the ground of multifariousness. The decree so concluding is reversed, and one will be here entered overruling the demurrer.

The cause is remanded.

Reversed, rendered, and remanded.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.

DOWDELL, C. J., and MAYFIELD and EVANS, JJ., dissent.