(88 South. 831)

## MULLINS v. LEMLEY. (8 Div. 338.)

(Supreme Court of Alabama. April 21, 1921.)

**1. Highways ⊙⟿184(1)—Petition held to state negligence on part of automobilist in collision.**

A count of complaint "that on or about November 25, 1918, while plaintiff's horse and buggy was being driven along the H. Pike, the defendant who was then and there in charge of an automobile did so negligently operate it as to drive it against said horse and buggy, thereby crippling and injuring said horse and damaging said buggy, etc.," *held* to sufficiently allege negligence on the part of the defendant as against an objection that it did not show in what the negligence consisted.

**2. Highways ⊙⟿183—Owner may recover for injuries to horse and buggy driven by another.**

Damages to a horse and buggy, negligently or wrongfully injured by another on a public highway, may be recovered by the owner regardless of the person in charge of the damaged property at the time, though, of course, contributory fault on the part of the person in control of it may defeat the right to recover in proper cases.

**3. Appeal and error ⊙⟿216(7)—Refusal to instruct in consonance with verbal suggestion not reviewable.**

Declination of a trial court to instruct the jury in consonance with, or on the subject of, verbal suggestion by counsel, presents no matter for review on appeal, even though the suggestion was well founded.

**4. Stipulations ⊙⟿18(4)—Agreement held not to permit proof of counterclaim not pleaded.**

Defendant could not prove a counterclaim upon which judgment might be awarded the defendant against the plaintiff under an agreement shown by a judgment entry "issue being joined on the plea of the general issue by consent, with leave to offer in evidence any matter or thing that if specially pleaded would constitute a good defense."

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Action by G. C. Lemley against T. K. Mullins for damages to a horse and buggy in an automobile collision. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Count 1 is as follows:

The plaintiff claims of the defendant the sum of $300 damages for this: That on or about November 25, 1918, while plaintiff's horse and buggy was being driven along the Huntsville and Triana Pike, a public road near Merrimack village, in Madison county Ala., the defendant who was then and there in charge of an automobile did so negligently operate it as to drive it against said horse and buggy, thereby crippling and injuring said horse and damaging said buggy, all of which was the property of the plaintiff, in the sum as above alleged.

The demurrers raised the point that it states no cause of action, does not show any negligence on the part of the defendant, does not show in what the negligence consisted, and also shows that plaintiff himself was negligent. Plaintiff also requested affirmative instructions.

Refused charge No. A was as follows:

If you find from the evidence that the defendant was guilty of no negligence which proximately contributed to the injury for which the plaintiff claims damages in this cause, but that, on the other hand, the defendant sustained injuries at the time of the said accident because of the negligence of the persons in charge of the buggy and horse of the plaintiff at the time of said accident, then the defendant would be entitled to recover from the plaintiff such damage as he sustained because of the said negligence of the said person or persons in charge of the buggy and horse of the plaintiff at the time of said injury.

Lanier & Pride, of Huntsville, for appellant.

While pleadings must be brief, they should contain statements of facts or allegations sufficiently intelligible to enable them to be understood by the other parties. Section 5321, Code 1907; 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106; 179 Ala. 386, 60 South. 937.

Robt. E. Smith, of Huntsville, for appellee. No brief reached the Reporter.

McCLELLAN, J. [1, 2] The plaintiff (appellee) was awarded a judgment against defendant (appellant) for $70 as damages resulting from a collision, on a public highway, between defendant's automobile and plaintiff's horse and buggy. The first count of the complaint was not subject to the original or additional grounds of demurrer interposed thereto. It was not necessary to aver in the count that plaintiff was driving his horse on this occasion, or to name, in the count, the person or persons driving the horse. Damages to property negligently or wrongfully injured by another on a public highway may be recovered regardless of the person in charge of the damaged property at the time; though, of course, contributory fault on the part of the person in control of it may defeat the right to recover in proper cases.

[3] The judgment entry recites:

"Issue being joined on the plea of the general issue by consent, with leave to offer in evidence any matter or thing that if specially pleaded would constitute a good defense."

The defendant (appellant) testified, in substance, that the horse ran or jumped into his then standing automobile, and that the damage thus done to the automobile was $80. One tendency or effect of this evidence was to refute the plaintiff's theory of negligent (sim-

ple) driving of the car by the defendant. After the court had concluded the oral instruction to the jury, counsel for defendant called the court's attention "to the defendant's right to recover," evidently on the idea that defendant had interjected by his evidence a right in the nature of recoupment or set-off. The declination of a trial court to instruct the jury in consonance with, or on the subject of, verbal suggestion by counsel presents no matter for review on appeal, even though the suggestion was well founded. McPherson's Case, 198 Ala. 5, 7, 73 South. 387, stating the exclusive method prevailing in this state.

[4] Special charge "No. A," refused to defendant, sought the instruction of the jury in accordance with the suggestion before mentioned. The agreement—recited in the quotation ante from the judgment entry—for the introduction of any matter or thing, specially pleadable, constituting a "good defense," did not include a counterclaim, a cross-action by defendant, upon which a judgment over, as the charge stipulates, might be awarded the defendant against the plaintiff. Yarger v. C., M. & St. P. R. R. Co., 78 Iowa, 650, 43 N. W. 469; Skains v. Barnes, 168 Ala. 426, 53 South. 268. The special request for instruction was properly refused.

The meritorious issues tendered by count 1 were due to be submitted to the jury. This was done.

There is no error in the record.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.