(103 So. 573)

**STAPLER v. PARLER. (8. Div. 736.)**

(Supreme Court of Alabama. March 19, 1925. Rehearing Denied April 23, 1925.)

**1. Principal and agent ⬤⟫23 (5)—Evidence defendant directed taking of gas from automobile sustains recovery for resultant burning.**

In action for damages for burning of automobile, evidence that defendant, being out of gas, directed passenger to get gas from plaintiff's car, and that, in taking it, car was ignited, *held* to sustain verdict for plaintiff, since from those facts jury could infer agency.

**2. Principal and agent ⬤⟫159 (1)—No innocent agency in commission of tort.**

There can be no such thing as innocent agency in commission of tort, since doing illegal or tortious act by another is doing it by one's self.

**3. Torts ⬤⟫22—Wrongdoers jointly and severally liable.**

As general rule all participants in wrongful act, directly or indirectly, whether as principals or agents, or both, are jointly and severally liable in damages for wrong done, where injury results.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

---

Action for damages by Henry Parler against Cas Stapler. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under Acts of 1911, § 6, p. 449. Affirmed.

It appears that the defendant, who was making a trip in his car with one Grady Gentle and some other parties, some or all of whom paid him for the transportation, ran out of gasoline; that said Gentle and another went to plaintiff's car and undertook to take gasoline from it, and in holding a lighted lantern near the gasoline tank set fire to plaintiff's car.

Plaintiff's evidence tended to show that in undertaking to obtain gasoline Gentle was acting under the instructions of defendant. Defendant's evidence contradicts this.

On cross-examination defendant's witness Gentle, testified that he did not tell plaintiff's counsel that defendant Staples told him to get gas out of plaintiff Parler's car, and, also, that he did not so state to the witness Parish. Thereafter Parish testified as indicated in the opinion.

Milo Moody, of Scottsboro, for appellant.

Gentle was not the agent of defendant; the general charge should have been given at defendant's request. 31 Cyc. 1218.

Proctor & Snodgrass, of Scottsboro, for appellee.

The question of agency vel non was one for the jury. Roberts & Son v. Williams, 198 Ala. 290, 73 So. 502; Robinson & Co. v. Greene, 148 Ala. 434, 43 So. 797; Miller-Brent L. Co. v. Stewart, 166 Ala. 657, 51 So. 943, 21 Ann. Cas. 1149; Gibson v. Snow Hdw. Co., 94 Ala. 346, 10 So. 304.

ANDERSON, C. J. [1] While the defendant's evidence tended to show that he was to furnish the car only, and the passengers were to furnish the gas, yet there was evidence from which the jury could infer that the defendant directed Grady Gentle to get the gas from the plaintiff's car, and, if this was true, he directed the commission of a tort, and became responsible therefor whether as principal or joint tort-feasor, and, if the defendant directed the act, and Gentle acted under said direction, the jury could infer that he became the agent of the defendant in committing the wrong. After laying the predicate, Parish testified:

"Grady Gentle said to me Cas told him to go to the County roller and get some gas and if he could not get it there to get it out of Parler's car."

[2] If this was believed by the jury, then the defendant directed the act and was responsible therefor. "There can be no such thing as an innocent agency in the commission of a tort; and doing an illegal or tortious act by another, is doing it by one's self." Ala. Mid. R. R. Co. v. Coskry, 92 Ala. 254, 9 So. 202.

[3] The general rule is that all parties participating in a wrongful act, directly or indirectly, whether as principals or as agents, or both, are jointly and severally liable in damages for the wrong done, where injury results.

The trial court did not err in refusing the general charge requested by the defendant or in refusing the motion for a new trial, and the judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.