108 So.2d 425

Reuben KLEIN

v.

Jacob S. HARRIS.

6 Div. 201.

Supreme Court of Alabama.

April 10, 1958.

Rehearing Denied Feb. 12, 1959.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

542

Cooper, Mitch & Black and Mayer U. Newfield, Birmingham, for appellee.

PER CURIAM.

The appellee as plaintiff recovered a judgment against appellant (defendant) who was driving his own car, in which plaintiff was riding, and which collided with another car driven by a person not involved in this suit.

The case was tried on counts 1 and 2 as amended. Count 1 alleged negligence on the part of defendant in driving his automobile, and count 2 alleged wantonness. Count 1 alleged facts asserting that plaintiff was not a guest of defendant. Section 95, Title 36, Code.

The collision occurred at the intersection of 15th Street and 11th Avenue, South, Birmingham. Plaintiff and defendant were traveling north on 15th Street in defendant's car, while the other car was traveling west on 11th Avenue. The speed at which defendant was driving his car was material.

The judge in his oral charge to the jury, with respect to speed, read the statute defining a "business district" (Title 36, section 1[3], pocket part, Code), and a "residence district" (Title 36, section 1[34]), and the speed limit in those districts which is prescribed in Title 36, sections 3 and 5, Code. There was exception noted to this part of the oral charge. This is the basis

of the fifth assignment of error, argued first in appellant's brief.

■ Appellant contends there is no evidence that the district in question is either a business or residence district as defined in section 1(3) and (34), supra. We think that is correct.

■ The evidence shows that on the southeast corner of the intersection of 15th Street there is a Pure Oil filling station, but the size of the lot so used is not shown; next to it on the south is an apartment house, and next to that are several small storehouses. Their size and the size of the lots so used is not shown. Across 15th Street, on the west side of the street, there are several old dwelling houses, but their size and the size of the lots belonging to each house is not shown. There are no business houses on the west side of that block of 15th Street. Across 11th Avenue and at the northeast corner of the intersection is a Shell Oil filling station and extending north there are several dwelling houses. On the northwest corner of the intersection there is a drug store and extending northward is a "Hill" store and next to it is a barber shop. The collision occurred within the area of the intersection. Defendant was traveling north and, therefore, on the east side of the street. But to classify the area as "residence" or "business", the space fronting on both sides of 15th Street must be analyzed. Utility Trailer Works v. Phillips, 249 Ala. 61, 29 So.2d 289. We think it is clear that area does not meet the requirements for either a "residence" or "business" district.

■ It therefore follows that the statute making provision for a speed limit in "residence" and "business" districts, respectively, has no direct application to this case. That statute, read to the jury, provides only for a prima facie lawful speed in a business district and a different speed limit in a residence district. It also provides that it shall be prima facie unlawful for any person to exceed those limits. The trial judge did not instruct the jury whether those provisions had application here. And since they do not apply here because no aspect of the evidence shows that this area was either a "business" or "residence" district, the general rule has application. It is so stated in section 5, Title 36, Code, which is that any person driving on a highway shall drive at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface, and width of highway and of any other conditions then existing, and shall not drive any vehicle upon a highway at such speed as to endanger the life, limb or property of any person. That is the question for the jury to determine and they should be so instructed without reference to the limits in a "business" or "residence" district.

As we construe the evidence the speed limit in a "residence" or a "business" district had no application here. This district does not appear from the evidence to be of either class. The law as read by the trial judge to the jury as to those districts is abstract. But the court did not tell the jury it was abstract. Reading the whole charge it conveys the impression that the jury could find that the district was either a "residence" or a "business" district, and apply the law accordingly.

■■ There is a rule of law that abstract charges asserting a correct legal proposition are not grounds for reversal unless the court is reasonably convinced that when referred to the evidence, they must have misled the jury. Schaungut's Admr. v. Udell, 93 Ala. 302, 9 So. 550. But when a charge is merely misleading the duty is on the adverse party to request instructions explanatory thereof. Craig v. Pierson Lumber Co., 169 Ala. 548, 53 So. 803; Gilley v. Denman, 185 Ala. 561, 64 So. 97; Bailey v. Tennessee Coal, Iron & R. Co., 261 Ala. 526, 75 So.2d 117. If the misleading tendency of a given charge might have been cured by requesting an explanatory charge, which was not done, a reversal should not result. Tennessee

Coal, Iron & R. Co. v. Williamson, 164 Ala. 54, 51 So. 144; Bailey v. Tennessee Coal, Iron & R. Co., supra.

■ It is our view that the tendency to mislead the jury by so instructing them in this case could not have been cured by a requested charge offered by defendant. Therefore, the judgment should be reversed for charging the jury as to the speed law applicable to a "residence" and a "business" district referred to in assignment of error No. 5.

### Assignment of Error No. 11.

This assignment relates to the refusal by the court to give charge No. 3 requested by defendant. That is the affirmative charge as to count 2 of the complaint.

There is some confusion here as to the meaning of the record with reference to the second count of the complaint. The complaint started with two counts, one and two. Count 1 is for negligence, and count 2 is for wantonness, and were filed July 16, 1956. On August 13, 1956, a demurrer was filed to each count separately and severally. Before a ruling on that demurrer there appears a plea in short by consent filed May 8, 1957. Then what is termed an "amended complaint" was filed, reciting that plaintiff, after leave of the court first had and obtained, amends count 1 and count 2 of his complaint as follows. The record then sets out "count one" in full as thus amended. This is a duplicate of the original count 1, except that it omits the following words at the end of it, "but that plaintiff had employed defendant to make repairs on plaintiff's automobile and that at the time of such collision plaintiff and defendant were engaged in a joint enterprise for which defendant was to receive payment". But the amended count 1 leaves in the complaint the following words at the close: "Plaintiff avers further that at said time he was not being transported as a guest in said automobile without personal payment therefor".

The amendment sets out count 2 in full. It is a duplicate of count 2 as originally filed, except that it leaves out the word "willfully" where it appears in two places in connection with wantonly, thus leaving the count as charging a wanton injury instead of a willful or wanton injury. *That amendment was endorsed by the clerk as "filed in open court May 9, 1957".* It does not state at what hour of that day it was filed.

The record does not show that defendant on that day or any time filed a demurrer or answer to the complaint as amended. The judgment entry in the record is dated May 9, 1957, and begins by a submission on defendant's demurrers (to what is not recited), and in due form overrules them to count 1 and sustains them to count 2, and then declares that issue was joined (it does not state on what it was joined), and that there was a jury and verdict for $6,000 for plaintiff and a personal judgment duly rendered. In the oral charge to the jury it is stated that the cause is being submitted to the jury on the complaint as amended in counts 1 and 2. The trial judge then takes up and analyzes each count—one for negligence and two for wantonness.

It is contended by defendant, appellant, that issue was joined on count 1 only, and that sustaining the demurrer to count 2 eliminated that count from the complaint and, therefore, the affirmative charge for defendant as to count 2 as requested should have been given.

■ But as stated above the record shows no demurrer to the complaint as amended, or filed after the amendment was filed. We construe the record to mean that on May 9, 1957, when the suit was called, the demurrer to the complaint was heard and overruled as to count 1 and sustained as to count 2. Thereupon on the same day the amended complaint was filed. There was no demurrer to it. The judgment entry does not show on what pleadings issue was joined. We construe the record, when ambiguous, to support the judgment but not contrary to its recitals. As we construe it, there was a ruling on the demurrer to the original complaint, but no demurrer

was filed to the amended complaint and there was no ruling on a demurrer to either count as amended.

Appellant does not insist in brief that there was insufficient evidence to support a verdict for plaintiff on the wanton count. We do not consider that aspect of the record. We find no error in refusing charge No. 3 on the basis contended for by appellant.

Assignment of error No. 12 is the same in theory as No. 11, supra.

### Assignment No. 10.

This assignment is based on a refusal of a charge prohibiting recovery by plaintiff on count 1, the affirmative charge in due form as to that count. The argument is that count 1 should not have been submitted to the jury on the evidence.

Appellant first contends that count 1, there referred to, is the count which was originally filed and not as amended, and that there was no proof of the allegations of that count which were omitted in formulating the amendment. It is of course true that the demurrer to count 1 as originally filed was overruled. That left the count as originally drafted. But count 1 was amended. As amended, it stands in place of the original count 1. The refused charge No. 2 refers to count 1. It is not specifically to count 1 as originally filed, containing the allegations which appellant claims were not proven. But counts 1 and 2 as amended were then the only counts 1 and 2 before the court. Count 1 as amended does not contain those allegations.

Appellant also contends that plaintiff cannot recover for simple negligence because plaintiff was defendant's guest under section 95, Title 36, Code. The argument in brief for appellant is stated as follows:

"It was uncontroverted by both the plaintiff and the defendant that at the time of the accident and at the time of the trial they were good friends and it is clear from plaintiff's testimony that the defendant's desire to help in the repair of the brakes of the plaintiff's automobile was because of their friendship and the anxiety of the defendant to see that the plaintiff had a 'pretty good car in pretty good shape'. The plaintiff himself was vague as to any consideration to pass between plaintiff and defendant for the assistance given by the defendant in repairing the brakes. He testified that he had agreed to pay the defendant but that he didn't 'exactly set any certain price, somewhere around $10.00'. The evidence was undisputed that after taking a front wheel off plaintiff's car it was discovered that the brakes had to be relined. It was on a Sunday morning and no brake linings were available. The defendant thereupon called a mutual friend, Alex Jaffe, who was in the auto parts business and made arrangements with him to go down to the place of business and pick up the linings in order that the work could be completed. It was while plaintiff and defendant were riding in defendant's car and on the way to pick up the brake linings that the accident occurred."

We think that contention presents an important question. It is whether plaintiff was a "guest while being transported without payment therefor in or upon said motor vehicle". The question, as here, is often dependent upon whether the injured plaintiff is a passenger for hire. As said in Blair v. Greene, 247 Ala. 104, 22 So.2d 834, quoting from another case, if the trip is for any benefit to the driver (defendant), conferred or anticipated, it is sufficient to take the case out of the guest statute. But it is said in Sullivan v. Davis, 263 Ala. 685, 83 So.2d 434, 437, that a mere incidental benefit to the driver is not sufficient. The benefit thus conferred must in some way have induced the driver to extend the offer to the rider. It must be "material and tangible and must flow from the transportation provided". In that case "the trip which resulted in the plaintiff's injury was undertaken by defendant and his daugh-

ter to facilitate negotiations leading to the employment of the plaintiff as a practical nurse for defendant's sick wife. Under the circumstances of this (that) particular case we cannot hold as a matter of law that no tangible benefit flowed to the defendant-appellant from the automobile trip, or that such benefit did not induce the defendant to transport plaintiff. Indeed, the evidence tends to indicate the contrary."

We think the facts here proven, as summarized in appellant's brief, show that the trip was taken for a tangible benefit to both plaintiff and defendant, which was sufficient to take the case out of the operation of the guest statute. See Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244; Blair v. Greene, 247 Ala. 104, 22 So.2d 834.

We cannot agree that the affirmative charge as to count 1 was due to be given as requested by appellant.

Assignment of Error No. 1.

This assignment is for overruling defendant's motion for a new trial. The ground insisted on is that the verdict is contrary to the great weight of the evidence.

The matter argued as to this assignment is that the controversy relates to whether this defendant was attempting to cross the intersection contrary to the traffic signal, or whether the other car traveling on 11th Avenue was the one which was violating the traffic signal. There was evidence supporting both views. The witnesses may all be testifying as they remember what they saw. But the lights only stayed on seventeen and one-half seconds before changing. The jury had the full question presented to them. There is nothing new now. The trial judge overruled the motion. We are not disposed to reverse on that contention. This disposed of all the assignments of error argued in appellant's brief.

But for the reasons first discussed, the judgment should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.