133 So.2d 224

Fred ROAN et al.

v.

Jack C. SMITH.

1 Div. 770.

Supreme Court of Alabama.

Sept. 21, 1961.

Bart B. Chamberlain, Jr., Mobile, for appellants.

M. A. Marsal, Mobile, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment of the Circuit Court of Mobile County in a suit filed by Jack Smith, the appellee, charging Fred Roan and his two brothers, individually, separately and severally, and doing business as St. Louis Motors, a partnership, with conversion of the plaintiff's 1951 Ford automobile. To the complaint, the defendants filed a general denial. The issue was tried by a jury and a verdict was returned for the plaintiff in the amount of $1,250. From this verdict and judgment, the defendants appealed.

The evidence is in conflict. The appellee's version of the transaction, and he offered evidence to support it, is as follows: Jack Smith, the plaintiff in the lower court and appellee on this appeal, went to the St. Louis Motors used car lot looking for a used car. After finding a 1953 Chevrolet that he liked, the salesman told him to take the car home with him that night to try it out and requested the appellee to sign some blank papers so that he would be covered by insurance in case of an accident. It was understood that there was no sale and the appellee was to return the car the next day at noon and then decide on the transaction. The appellee did drive the Chevrolet home and left his Ford on the appellant's lot over night. The next day when appellee returned the Chevrolet, having decided not to trade, he was told that he had signed papers the preceding night agreeing to trade, and that in order to get his car back he would have to pay $25. Appellee and appellant discussed this matter for about two hours and then appellee paid the $25 and got his car and left. The papers which were signed by appellee were destroyed and appellants contend they were a bill of sale and that appellee knew this when he signed them, and they offered evidence to sustain this view of the transaction.

There is much conflict of testimony concerning the transaction and the agreement between the parties. The jury resolved the issues in favor of appellee and returned a verdict for the plaintiff in the court below.

There are 23 assignments of error and they will be discussed in the order in which appellant chose to argue them.

Assignment of Error No. 12:

"The Court erred in qualifying the jury, at the request of the Plaintiff, as to whether any member thereof was interested in or indebted to Cadillac Finance Company."

The record shows the following:

"Court: Are there any further qualifications, gentlemen?

"Mr. Marsal: I would ask the Court to qualify the Jury as to whether or not they have any interest or are indebted to the Cadillac Finance Company.

"Mr. Chamberlain: I do not think that is a proper ground of qualification. There is nothing to show what Cadillac Finance Company is.

"Mr. Marsal: If it please the Court, we expect to show that the Roans have an interest in it, and that they finance automobiles sold by Roan, and the Jury should have knowledge of it.

"Court: Are they involved in this law suit?

"Mr. Marsal: The Roans own the Cadillac Finance Company.

"Mr. Chamberlain: The Cadillac Finance Company is not involved in this suit.

"Mr. Marsal: We expect to show that the Cadillac Finance Company is owned by Fred Roan and his brothers, and we would like the Jury qualified as to whether or not they have any interest in it.

"Court: Are any of you gentlemen interested financially or employed by Cadillac Finance Company? (None so stated)."

■ The inquiries directed to prospective jurors as permitted under Tit. 30, § 52, Code of 1940, should be liberal and extend to any and all matters touching the qualifications, interest or bias of prospective jurors. The extent of this examination of prospective jurors as to their qualifications is largely a matter resting within the sound discretion of the trial court. Dyer v. State, 241 Ala. 679, 4 So.2d 311; Avery Freight Lines, Inc. v. Stewart, 258 Ala. 524, 63 So.2d 895; Sims v. Struthers, 267 Ala. 80, 100 So.2d 23; Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869; Louisville & N. R. Co. v. Davis, 236 Ala. 191, 181 So. 695; Ballard v. State, 28 Ala.App. 346, 184 So. 259; 236 Ala. 541, 184 So. 260; Code of 1940, Tit. 30, Sec. 52.

■ The attorney for the appellee stated to the court: "The Roans own the Cadillac Finance Company." This statement was not denied by appellants. Under such circumstances, we think, the trial court did not abuse its discretion in qualifying the jury as to any interest in the Cadillac Finance Company. Moreover, since no jurors answered the question in the affirmative, and not being struck as a result of such answer, it appears that even if the trial court was in error, it was error without injury.

Assignments of Error Nos. 13, 14 and 15 follow:

"13. The Court erred in permitting Plaintiff's attorney to quote to the jury alleged conversations between one of the Appellants and other persons at times several years before the occurrences out of which this litigation arose, which earlier conversations did not involve or refer to the transaction out of which litigation arose in this cause.

"14. The Court erred in allowing the witness Dale McCaleb to testify to the details of a transaction between McCaleb and Toulminville Motors, Inc. in 1954 to which Plaintiff in this cause was not a party, and in which he was not interested.

"15. The Court erred in allowing the Plaintiff to introduce in evidence a blank contract signed by the witness Dale H. McCaleb in 1954."

■ The above three assignments of error are so closely related that they can be disposed of together. Whether or not the offer of evidence will be denied on the ground of remoteness is a question to be decided by the trial court in the exercise of sound discretion, and such ruling by trial court will not be revised on appeal unless it is plain that error was committed. Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216; Springer v. Sullivan, 218 Ala.

645, 119 So. 851. We take judicial knowledge of our own records. Se Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358.

■■ The evidence in question now before this court concerns previous fraudulent transactions by one of appellants in the operation of his business which were almost identical as the conduct of appellants in the instant controversy. In such a situation, evidence of such other fraudulent transactions or deceit by defendant is admissible to show fraud, motive, scheme, or intent. Great American Ins. Co. v. Dover, 221 Ala. 612, 130 So. 335; Cartwright v. Braly, 218 Ala. 49, 117 So. 477. All participants in wrongful acts, directly or indirectly, whether as principals or agents, or both, are jointly and severally liable in damages for wrong done, where injury results. Stapler v. Parker, 212 Ala. 644, 103 So. 573; Tennessee Chemical Co. v. Cheatham, 217 Ala. 399, 116 So. 420; 19 C.J.S. Corporations § 846, p. 276.

■ The determination of whether or not particular evidence is relevant rests largely in the discretion of the trial court. Occidental Life Ins. Co. of California v. Nichols, 266 Ala. 521, 97 So.2d 879. A reading of the case of Roan v. McCaleb, supra, leaves no doubt as to the admissibility of the evidence offered in the instant case. There was no error here.

■ Assignments of error 6, 7, 8 and 9 complain of the trial court's giving Charges 1, 2, 3 and 4, and are argued in bulk. It is insisted that neither of these charges should have been given because each of them states only an abstract proposition of law. Assuming that the charges state correct abstract principles of law, which appellants do not deny, and which we do not decide, or that the charges have merely a tendency to mislead, the giving of them does not constitute error to reverse. The remedy is to request an explanatory charge. Willingham v. Wesley Hardware Co., 227 Ala. 280, 149 So. 703; Bailey v. Tennessee Coal, Iron & R. Co.,

261 Ala. 526, 75 So.2d 117; Farr v. Blackman Plumbing & Heating Co., 267 Ala. 585, 103 So.2d 777; Jacks v. City of Birmingham, 268 Ala. 138, 105 So.2d 121; Klein v. Harris, 268 Ala. 540, 108 So.2d 425.

■■ Assignment of Error No. 10 is based on the trial court's refusal to give defendants' written Charge 8, which reads:

"8. I charge you, gentlemen of the jury, that if you believe the evidence in this case, you cannot return a verdict against the defendants for any more than nominal damages."

There was sufficient evidence as to whether the automobile dealer and owner had entered into a deal to trade automobiles. There was also sufficient evidence as to whether malice was present in the conduct of the automobile dealer during the transaction in question. If there was no deal to trade entered into and the automobile dealer did convert the automobile and the conversion was committed in known violation of the law and of plaintiff's rights, with circumstances of insult, or contumely, or malice, punitive damages were recoverable in the discretion of the jury. Rhodes v. McWilson, 192 Ala. 675, 69 So. 69; Ex parte Birmingham Realty Co., 183 Ala. 444, 63 So. 67; Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358; Howton v. Mathias, 197 Ala. 457, 73 So. 92; Gowan v. Wisconsin-Alabama Lumber Co., 215 Ala. 231, 110 So. 31.

Assignments of Error 1, 2, 3, 4, 5 and 11 are argued in bulk.

In the case of Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736, 738, it was said:

"Assignment of error 1 recites:

" '1. The verdict and judgment are contrary to the law and the evidence.'

"Assignments 2 through 9 are to like effect. Such assignments are not sufficient to present any question for

our review. King v. Jackson, 264 Ala. 339, 87 So.2d 623; Supreme Court Rule 1, Code 1940, Tit. 7 Appendix."

It is well established that where more than one assignment of error is argued together, and one assignment is without merit, the others will not be considered. Self v. Baker, 266 Ala. 572, 98 So.2d 10; Bertolla v. Kaiser, supra, and cases there cited.

Assignment of error No. 1 reads as follows:

"1. The verdict and judgment are contrary to the evidence."

We have repeatedly held that such an assignment of error is not sufficient. King v. Jackson, 264 Ala. 339, 87 So.2d 623, and cases cited. Assignment of error numbered 1, being insufficient to invite review, the others argued with it must also fail. Authorities, supra.

Assignment of error No. 17 reads as follows:

"17. Because the verdict of the jury was influenced and brought about by prejudicial remarks made deliberately to such end by Plaintiff's attorney in his closing argument."

Assignment of error No. 17 does not state that the court erred, nor does it show any way in which the court erred. Also, there is no showing in the record that there was a motion for a new trial.

In the case of Mulkin v. McDonough Construction Co. of Georgia, 266 Ala. 281, 95 So.2d 921, 922, it was said:

" * * * Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. * * *"

Assignment of error 17 does not allege error by the trial court in any respect, therefore, it presents nothing for review by this court.

Assignment of error No. 22 states:

"22. The Court erred in failing to charge the jury on the nature and elements of nominal damages, and the circumstances in which nominal damages might be awarded."

Assignments of error 18, 19, 20, 22 and 23 are all argued in bulk as one. For reasons already adequately covered in this opinion, if any one of these assignments are without merit, the others will not be considered or reviewed. Assignment of error 22 is without merit. There is no showing from the record that the appellant made a motion for a new trial, and there is no showing from the record that the appellant made more than a verbal suggestion to the court that these charges were incomplete, without merit or erroneous. The appellant did not, so far as is shown by the record, submit any written charges to correct or explain the charges which he is now assigning as error. It is well established that under such circumstances, there is nothing presented to this court for review. Mullins v. Lemley, 205 Ala. 593, 88 So. 831; McPherson v. State, 198 Ala. 5, 73 So. 387; Tranholm v. State, 38 Ala.App. 57, 77 So. 2d 491.

In the case of Mullins v. Lemley, supra [205 Ala. 593, 88 So. 832], this Court said:

" * * * The declination of a trial court to instruct the jury in consonance with, or on the subject of, verbal suggestion by counsel presents no matter for review on appeal, even though the suggestion was well founded. McPherson's Case, 198 Ala. 5, 7, 73 So. 387, stating the exclusive method prevailing in this state."

In regard to assignment of error 22, there is no showing that appellant did more than verbally suggest to the court that additional charges in regard to nominal damages was necessary. The same is true of all the other assignments of error argued

**544**

with assignment 22. For these reasons, there is nothing presented by this argument and these assignments for our review.

Assignment of error No. 16 reads:

"16. The Court erred in not instructing the jury to disregard the prejudicial remarks made by counsel for Plaintiff in his closing argument wherein he suggested to the jury that he had obtained a judgment against one of the defendants in a similar case."

 The record does not disclose that appellant requested the court to instruct the jury to disregard the complained-of remarks. There was an objection by appellant and the court sustained this objection. Without a request from appellant for further action by the court, there can be no review of the court's failure to so act. C. C. Hooper Cafe Co. v. Henderson, 223 Ala. 579, 137 So. 419; Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244. In the Hooper case, supra [223 Ala. 579, 137 So. 422], this Court said:

"The objection to the argument was sustained, and defendant made no motion to have it withdrawn, nor to have the jury properly admonished and instructed by the court. A party who invokes no further action by the court, thereby indicating his satisfaction, cannot complain of the court's failure to do what he was not asked to do. * * *"

Assignments of error not argued in brief are waived.

We find no error to reverse and the case is accordingly affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.