## LONG v. STATE.

CRIMINAL LAW — VERDICT — SUFFICIENCY — INSTRUCTIONS — EXCEPTIONS—REBUTTAL—APPEAL AND ERROR—BRIEFS—SUPREME COURT RULES.

1. On a charge of larceny a verdict finding the value of the property stolen to be a stated sum is to be construed as referring to the value at the time of the larceny, and hence is not insufficient because not stating the time.

2. Upon an information charging in one count a larceny and in another the felonious receiving of the same property knowing it to have been stolen, a verdict finding generally the defendant guilty as charged and finding the value of the property stolen is not objectionable for failing to specify the count upon which the verdict is found, where the offenses arise out of the same transaction, are of the same character and grade and subject to the same penalty,

and it appears that the case was tried solely upon the charge of larceny, the evidence of both prosecution and defense and the instructions, without objection, having been confined to that charge.

3. Instructions not excepted to at the time cannot be reviewed on error.

4. It is not a ground for reversal that evidence was admitted in rebuttal upon the mistaken remembrance of the court that the defendant had testified as to the matter, where such rebutting evidence was afterwards struck out on defendant's motion, and the jury directed to disregard it, and no request was made for a more specific instruction respecting it; and upon the whole evidence prejudice to defendant is not apparent.

5. Where the erroneous admission of evidence is complained of the brief should point out where the matter can be found in the record, under rule 14, which provides that each brief shall contain a statement of the points and authorities relied upon and shall refer specifically to the page and portion of the record where the question under discussion arises.

6. Where there is sufficient evidence to support the verdict in a criminal case, it will not be disturbed on error, though the evidence be conflicting.

[Decided February 2, 1907.]      (88 Pac., 617.)

ERROR to the District Court, Converse County, HON. RODERICK N. MATSON, Judge.

J. W. Long was convicted of grand larceny, and prosecuted error. The material facts are stated in the opinion.

*Allen G. Fisher,* for plaintiff in error.

The verdict is uncertain as to value. It is insufficient because general and not responding to each count in the information. (Casey v. State, 20 Neb., 149; Wilson v. State, 20 O., 26; Hurley v. State, 6 O., 404; State v. Sutton, 4 Gill, 494; Marshall v. Comm., 5 Gratt., 663; State v. Redman, 17 Ia., 329; Setvester v. U. S., 170 U. S., 264; G. & W. on New Trials, 140.) The instructions failed to discuss all the issues and presumptions of law

applicable. (People v. DeFore, 64 Mich., 693.) One person cannot be guilty of both larceny and receiving stolen goods as to the same property. (Larkin v. State, 49 N. H., 41; George v. State, 59 Neb., 165.) The instruction as to reasonable doubt was erroneous, stating· that it is a doubt for which a reason can be given. The phrase ·thus used is misleading. (State v. Sauer, 38 Minn., 438; Burt v. State, 48 Am. St., 574.) Rebutting evidence by witnesses who were members of the regular jury panel was error, and, though stricken out, was prejudicial, as no instructions were given in relation to it. (People v. Molyneaux, 168 N. Y., 264; Ferguson v. State (Neb.), 100 N. W., 801; Nickolizac v. State, 105 N. W., 897; Becker v. Cain (N. D.), 80 N. W., 805; Dunn v. State, 162 Ind., 174; People v. Pinkerton, 79 Mich., 110; People v. Howard, 73 Mich., 10; People v. Parmelee, 112 Mich., 296.) When an instruction undertakes to define a crime it should contain every essential ingredient, otherwise it is faulty. (Barnes v. State, 40 Neb., 545; Thompson v. People, 4 Neb., 524; . Dobson v. State, 61 Neb., 584.) In larceny if the instruction fails to state that the taking must be with felonious intent it is erroneous.

*W. E. Mullen,* Attorney General, for the State.

A general statement in the brief of a plaintiff in error that none of the assignments of error are abandoned, is insufficient under rule 14 to reserve the benefit of assignments not specifically referred to with the page and portion of the record where the question arises pointed out. (Bank v. Ludvigsen, 8 Wyo., 230; Imp. Co. v. Bradley, 6 Wyo., 177.) The rebutting evidence complained of was struck out and the jury directed to disregard it, and how it could be prejudicial is not clear, in view of the issues raised by the evidence. A verdict based on conflicting evidence will not be disturbed. (Edwards v. Murray, 5 Wyo., 153.) The finding of value in the verdict refers to the date of the offense. (Cook v. Ter., 3 Wyo., 116.) The general ver-

dict was sufficient. (Nelson v. State, 52 Wis., 534; Gallott v. U. S., 87 Fed., 446; Love v. People, 160 Ill., 501; Rosson v. State, 37 Tex. Cr., 37; Cannon v. State, 75 Miss., 364; Bergdahl v. People (Colo.), 61 Pac., 228.)

Beard, Justice.

The plaintiff in error was tried, convicted and sentenced to a term in the penitentiary by the District Court of Converse County, and he brings the case here on error. The information upon which the plaintiff in error was convicted was in two counts. The first count charged the larceny of one head of neat cattle of the value of forty dollars of the property of Henry Trollope. The second count charged the felonious receiving of said property knowing the same to have been stolen. The verdict of the jury is in the following language, viz.:

"We, the jury in the above entitled case, do find the defendant guilty in the manner and form as charged in the information, and we find the value of the property stolen to have been $35.00." It is contended that this verdict is ambiguous, uncertain and multifarious. It is insisted that the verdict does not find the value of the property at the time it is alleged to have been stolen. But we do not so construe the verdict. The jury found that the property had been stolen and its value to have been $35.00. This evidently refers to the time when it was stolen and is the only reasonable construction that can be put on the language of the verdict. It is also urged that the verdict is general and does not specify upon which count they found him guilty. The prosecution in this case was under the provisions of Sec. 4988, R. S. 1899, which is as follows: "Whoever steals any horse, mule or neat cattle, of the value of five dollars or upwards; or receives, buys or conceals any such horse, mule or neat cattle which shall have been stolen, knowing the same to have been stolen, shall be imprisoned in the penitentiary not more than ten years, or may be imprisoned in the county jail not more than six months." The

penalty is the same whether the conviction be for stealing, or for receiving stolen cattle, knowing them to have been stolen. And in this case the sentence imposed was less than the maximum for either offense. An examination of the record discloses that the case was tried solely upon the charge of larceny as contained in the first count of the information. The evidence of both the prosecution and the defense was confined to that charge, and the instructions given by the court to the jury were upon that charge only. In its first instruction given to the jury the court told the jury in substance that, in order to warrant a conviction of the defendant, every material allegation contained in the information must be established by the prosecution to the minds of the jurors beyond a reasonable doubt, and then stated to the jury what these material allegations were; and confined them strictly to the charge of larceny. Nothing whatever is said about the charge of receiving stolen cattle. It affirmatively appears from the record that no exception was taken to this instruction by the defendant, nor was the court requested to instruct on the charge of receiving stolen property as charged in the second count of the information.

Under these circumstances it is difficult to see how it can be said that it is uncertain as to the offense of which the jury found the defendant guilty. The verdict is in form a proper verdict on the charge of larceny and not in form on the other charge of receiving stolen property. (Bergdahl v. People, 61 Pac., 228 (Colo. 1900.) It responds to the issues submitted by the court in its instructions, and to the evidence introduced upon the trial; and the judgment as entered by the court is for the crime of larceny. The judgment contains the following: "It is therefore considered by the court that the defendant, J. W. Long, is guilty of the crime of stealing live stock of the value of $35.00." While the decisions are not entirely uniform as to the sufficiency of a general verdict in a case where two or more offenses are charged in the indictment or information, yet

we think the weight of authority and the better reasoning is in favor of the sufficiency of such a verdict where the offenses charged are of the same character and grade and arise out of the same transaction. In State v. Long, 52 N. C. (7 Jones Law), 24, the indictment was in three counts. The first count charged the unlawful sale of liquor to one Luke, a negro slave. The second count charged the unlawful trading with Luke between sunset and sunrise. The third count charged the unlawful delivery of liquor to Luke without his having written permission. The verdict was general, and the court said: "Though there are three counts in the bill of indictment, the testimony was offered to the second only, and therefore the verdict, though general, must be presumed to have been given on that alone." In Frasier v. State, 5 Mo., 536, the indictment contained four counts; and it was said by Napton, J.: "The offenses charged are all of the same nature, founded on the same section of the statute, and upon which the same judgment could have been entered. (Archibald's Evi. P. C., 62; 1 Chit. Crim. Law, 249.) If the evidence sustained any of the counts, the jury had a right to find a general verdict." In Nelson v. State, 52 Wis., 534, a case in which the defendant was charged on two counts, one for larceny and the other for receiving stolen property, the court said: "There was a general verdict. Our statute provides that a person who receives, conceals, or aids in concealing, stolen property, knowing the same to have been stolen, shall receive the same punishment as is prescribed for the stealing of such property. * * * In view of this statute, perhaps it was not necessary for the jury to state in their verdict under which count in the information they found the plaintiff in error guilty. Upon the whole record, we think the judgment of the municipal court must be affirmed." And in Grottkan v. State, 70 Wis., 462, in referring to the Nelson case, the court said: "It was in effect held that where one is charged in separate counts with different crimes, each of which was subject to the same punishment, a general ver-

dict of guilty was sufficient, without specifying the count to which it related." In Langford v. People, 134 Ill., 444, the court quotes with approval from Lyons v. People, 68 Ill., 273, the following: "It necessarily follows, that where an indictment, as in this case, in one count charges the breaking and entering of a car with intent to steal, and in another count a stealing, at the same time, in the car which was so broken and entered, and the defendant is found guilty generally, and a punishment imposed which is by law authorized to be inflicted for the offense charged in either count, the verdict must stand." In Dohme v. State, 68 Ga., 339, on an indictment, one count charging the keeping of a gaming house, and in another the renting of rooms for the purpose of gaming, it was held that, "A general verdict will suffice, and the count on which it is returned need not be indicated, especially if the punishment is the same for each offense." In Cawley v. State, 37 Ala., 152, the court said: "It is objected that a general verdict of guilty is not sufficient, where distinct offenses, as those of larceny from a dwelling house and larceny from a shop, are alleged in different counts. After an elaborate and careful review of the authorities, we feel safe in announcing the conclusion, that two offenses committed by the same person, may be included in the same indictment where they are of the same general nature, and belong to the same family of crimes, and where the mode of trial and the nature of punishment are also the same; and also, that a general verdict of guilty, where such offenses are joined, is no ground for an arrest of judgment, or of error, where the sentence pronounced does not impose a greater punishment than that prescribed for one offense." In Cannon v. State, 75 Miss., 364, the court said: "There was no error committed by the court in refusing to set aside the verdict because it was a general one of guilty. If one of the counts had been bad (but, in fact, both were good), this general verdict would be referred to the count which was good—and this count, confessedly good, was the one to which the State's evidence

was directed, and was, undoubtedly, the one on which the verdict was based." The case of Gallott v. U. S., 87 Fed., 446 (Cir. Ct. of App's.), was a case where two indictments, each containing thirty-six counts, were tried together and a general verdict of "guilty as charged" was returned. In the opinion of the court, Swayne, J., said: "As to the question of double conviction, it has been abundantly established that a verdict of guilty upon the whole indictment must stand if any one of the counts is sustained by competent testimony; and the sentence imposed by the court of eight years in the penitentiary at Columbus, in the State of Ohio, being two years less than the maximum penalty that could have been imposed upon him upon any one count of the indictments, gives him no cause for complaint." Counsel for plaintiff in error have cited Hurley v. State, 6 Ohio, 399; Wilson v. State, 20 Ohio, 26, and cases from Nebraska. These cases are reviewed in Selvester v. U. S., 170 U. S., 262, where the court says: "In passing, we note that the doctrine that a verdict in a criminal case must respond to every count in an indictment in order to warrant a judgment thereon, as stated in the Ohio case just referred to, seems to be no longer maintained in that state. (Johnson v. State, 39 Ohio St., 37.) * * * Whatever may be the present rule in Ohio, it is manifest from the foregoing brief analysis of the cases cited by the plaintiff in error to sustain the contentions upon which reliance is placed, that they rest upon the theory that, even although the offenses charged in several counts of an indictment be distinct and separate crimes, such a solidarity is created between them by charging them in several counts of the indictment as to render void any verdict which does not specifically and affirmatively respond to each and every count. But this proposition, whatever may be the support found for it in early cases, is not sound in reason, and is negatived by the decisions of this court and the opinion of text writers, that is to say, it is refuted by the conclusive weight of authority." While that case is not in point as to all of the objections

made to the verdict in the case at bar, we think the reasoning therein is applicable to every objection made to the verdict here.

It is also assigned as error that the court refused to give instruction No. 1, requested by the defendant. No such instruction appears in the record. The only instructions given to the jury which are complained of in the motion for a new trial are the instructions numbered 1, 2 and 3, to the giving of which the record shows no exceptions were taken at the time they were given. It is too well settled to require the citation of authorities that instructions, to the giving of which no exceptions are taken at the time, cannot be considered by this court on error.

It is also urged that the court erred in admitting evidence in rebuttal as to the custom of the country in relation to the sale of cattle and brands. It appears that this evidence was admitted on the mistaken remembrance of the court that the defendant, who had testified in his own behalf, had testified in chief as to such custom; but upon discovering the error the court, on defendant's motion, struck out the testimony in rebuttal on that subject and directed the jury to disregard it. We are unable to see how the jury could have been misled by this circumstance to the prejudice of the defendant, especially in view of all of the evidence in the case. If the defendant desired a more specific instruction to the jury to disregard the testimony stricken out, he should have requested it. It is further urged by counsel for defendant that the court erred in admitting testimony objected to by defendant, and in admitting immaterial evidence. But he has failed in his brief to point out where these matters can be found in the transcript. Rule 14 provides: "Each brief shall contain a statement of the points and authorities relied upon and shall refer specifically to the page and portion of the record where the question under discussion arises." The brief for defendant in this case does not in a single instance refer to the page or pages of the record where the matters complained of can be found. We

have, however, examined the entire record and particularly with reference to the testimony complained of in a general way in the brief, but find nothing in the rulings of the court that in our opinion was prejudicial to defendant. The evidence was conflicting, but there was ample evidence to support the verdict. We find no prejudicial error in· the record and the judgment of the District Court is therefore affirmed.                                        *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.