STATE v. MUNSINGER

(No. 1435; March 6, 1928; 264 Pac. 1011)

*J. M. Roushar,* for appellant.

*William O. Wilson,* Attorney General, *James A. Green-wood,* Deputy Attorney General, and *John L. Sawyer,* for respondent.

RINER, Justice. ·

This is a case removed to this court by direct appeal from the District Court of Goshen County, Wyoming, to review a judgment entered on a verdict convicting E. L. Munsinger —hereinafter referred to as the defendant—for the crime of unlawful possession of intoxicating liquor.

It appears that on the night of Augsut 13, 1926, the defendant, accompanied by his wife and child, drove from Torrington to Lingle, Wyoming, to attend a dance. While at the last mentioned place, he was arrested and charged with the unlawful possession of intoxicating liquor, it being claimed by the officers.who made the arrest that he had in his possession about eight pints of moonshine whiskey. Subsequently a trial was had in the District Court of Goshen County on an information embodying this charge, with the result that defendant was found guilty. A judgment on the verdict was entered that he pay a fine of $500 and be confined in the county jail of that county for a period of ninety days at hard labor.

The record presents a rather unusual condition for presentation to an appellate court. There is not a single exception reserved by the defendant, either to rulings on the admission of evidence or to instructions given the jury by the court. In the brief of defendant, the only assignments urged upon this court to secure a reversal of the judgment are, that the verdict was against the evidence, that the evidence was insufficient to support a conviction of possession of intoxicating liquor, and that the penalty imposed upon the defendant by the judgment and sentence was excessive.

Concerning the point that the verdict was contrary to the evidence and insufficient to support a conviction of the charge contained in the information, an examination of the record shows that but six witnesses testified. The State rested its case upon the testimony of the two officers who

made the arrest, supplemented by the testimony of the sheriff of Goshen County and one of his deputies. The only witnesses for the defense were defendant and his wife. One of the officers who made the arrest testified that he noticed, by the aid of a flashlight, a suitcase placed underneath defendant's car, while it was parked during the time the dance was in progress. Another officer was called and the two remained nearby until defendant came out from the building where the dance was held to leave for home. The suitcase was located well underneath the car but so that it could be reached by the defendant. He attempted to get it before starting the car, but desisted in the attempt when some other people came out of the building and passed close by. After they had gone, he again reached down, pulled the suitcase from underneath and placed it in the car, on the footboard in front. The officers then came forward and made the arrest. The defendant was asked to open the suitcase and at first stated that it had children's clothing in it, finally saying that he did not have the key, but that his wife had it. The latter, upon being asked for the key, said she had lost it. It later developed that the suitcase was unlocked and upon being opened at the sheriff's office, where it was taken with the defendant, was found to contain ten pint bottles with about eight pints of moonshine whiskey therein. The other officer who was present at the time the arrest was made, testified substantially to the same state of facts.

This testimony, so far as it bears upon the possession by defendant of the suitcase containing the liquor, and the statements of defendant as to the contents thereof, is denied by the defendant and his wife—they claiming to know nothing whatever about the suitcase, and that it was simply found by defendant by reason of his foot striking it under the car when he attempted to get in; that he had picked up the suitcase to investigate it when he was arrested. Defendant's wife, while testifying that she never saw this suitcase before, stated that they owned one "about like

that,'' but not in such good condition. There was no offer in evidence by the defendant of the suitcase referred to by his wife as owned by them.

A number of decisions are cited and quoted from in defendant's brief, but they all appear to deal with cases involving the charge of possessing intoxicating liquor where the evidence was, in the main, circumstantial. Consequently they are not in point here, as the evidence before the court and jury was, in large measure, the direct testimony of the officers who made the arrest, and saw the defendant take possession of the suitcase and place it in his car. It is true that the evidence on the point is in conflict. But there was evidence properly before it from which the jury could infer that the liquor in question was under the conscious control of the defendant. The jury had the right to believe the State's witnesses, if it so chose, as it evidently did. Under such a situation, this court cannot reverse the case. See Long v. State, 15 Wyo. 262, 88 Pac. 617; Humes v. United States, 170 U. S. 210, 18 Sup. Ct. 602, 42 L. Ed. 1011.

Something is said in the brief of defendant as to the insufficient character of the testimony given to establish the nature of the liquor seized, but it was offered in evidence without objection on the part of the defendant and the testimony concerning its alcoholic content was also given by the witnesses for the State without objection or exception. There was no evidence offered by defendant disputing their statements on the point and the State's witnesses testified positively to liquor of an alcoholic percentage, which would make the possession thereof a violation of the law. It is apparent that the complaint that the verdict of the jury was contrary to the evidence and unsupported by it, is unfounded.

The remaining point urged by defendant is that the punishment imposed upon defendant was excessive. The statute provides as a maximum penalty either a fine of $1,000 or ninety days in jail, or both, for violation of the law under which this conviction was had. (Chapter 128, Laws

1925.) The defendant consequently did not receive the full penalty which could have been imposed. The judge who tried the case saw and heard the witnesses, and with his discretion in the matter we are not disposed to interfere. See Bird v. State, 36 Wyo. 532, 257 Pac. 2; State v. Sorrentino, 36 Wyo. 111, 253 Pac. 14.

Finding no error in the record, the judgment should be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.