A. Franklin Mahoney, J.
In this CPLR article 78 proceeding the petitioner seeks a judgment annulling the respondents’ determination that petitioner, as the responsible corporate officer of the MacLean Construction Corp., failed to collect, account for and pay over certain fiduciary moneys for the years 1966 and 1967, all as required by section 674 of the Tax Law and which failure resulted in proceedings against the petitioner, individually, pursuant to subdivision (g) of section 685 of the Tax Law, which proceeding was finalized in a tax warrant against petitioner in the sum of $19,513.38. The respondents have answered, filed objections in point of law and moved for dismissal of the petition.
Every employer required to deduct and withhold personal income taxes from the wages of employees, as was the Mac- *932 Lean Construction Corp., must file a withholding return and pay to the Tax Commission the taxes deducted and withheld (Tax Lay/, §674, subd. [a]). Every employer in this State required to deduct and withhold taxes from wages is personally liable for such tax (Tax Law, § 675). Any person required to collect and pay over withholding taxes who willfully fails to collect and pay over is liable to a penalty equal to the total amount of the tax evaded (Tax Law, § 685, subd. [g]).
Clearly, the MacLean Construction Corp. did not pay over any withholding taxes to respondents for the years 1966 and 1967: After unproductive attempts to collect the tax, the State tax department proceeded under the provisions of subdivision (a) of section 681 of the Tax Law and sent by certified mail, dated June 30, 1969, a notice of deficiency. The certified mailing was addressed to petitioner at the address listed for the corporation in its franchise tax report. No petition for redetermination of the deficiency was filed by petitioner within 90 days of the mailing as required by subdivision (b) of section 689 of the Tax Law. On January 20, 1970 petitioner was notified by mail that the notice and demand for unpaid withholding taxes had been referred to the warrant and collection sections and that the Tax Law authorized the filing of a warrant which would be recorded as a judgment if not paid within five days. The taxes were not paid and the judgment was entered on August 4, 1971 and petitioner was notified on August 12, 1971.
The grounds advanced for annulment of the respondents’ determination and vacation of the judgment are (1) that petitioner did not receive the notice of deficiency mailed on June 30, 1969 and (2) that petitioner is not a "person” within the meaning of subdivision (g) of section 685 of the Tax Law charged, with the responsibility of collecting and paying over the withholding taxes.
Subdivision (a) of section 681 of the Tax Law states, in pertinent part, that "a notice of deficiency shall be mailed by certified or registered mail to the taxpayer at his last known address”. The subject notice was sent to petitioner’s address by certified mail, return receipt requested. Although respondents admit that the postal service neither returned the notice nor the receipt, I am not persuaded that this failure overcomes the presumed regularity of mail delivery. The petitioner’s failure to receive the notice is immaterial (Matter of Kenning *933 v Department of Taxation and Finance, 72 Misc 2d 929, affd 43 AD2d 815, mot for lv to app den 34 NY2d 653).
The remaining issue is whether the petitioner is a "person” within the meaning of subdivision (g) of section 685 of the Tax Law whose duty it was to collect and pay over withholding taxes.
In the absence of any New York decisional law defining the term "person”, resort must be had to Federal case law interpreting the provisions of subdivision (b) of section 6671 of the Internal Revenue Code for the year 1954 wherein the term "person” is expressly defined in language exactly similar to the provisions of subdivision (1) of section 685 of the Tax Law, as including "An officer or employee of a corporation * * * who as such officer, employee, * * * is under a duty to perform the act in respect of which the violation occurs.” Both the Federal and State statutes authorize personal liability equal to the amount of the tax evaded against any officer or corporate employee responsible for the collection and payment of the taxes. The Federal courts have said that although the term "person” expressly includes officers and employees, it does not exclude all others, and the subject statute (Tax Law, § 685) must be construed to include all those who are so connected with the corporation as to be responsible for performance of the act in respect of which the violation occurred. In other words, the reference to "officers and employees” is exemplary and not exclusive (Botta v Scanlon, 314 F2d 392). Thus, under appropriate circumstances it has been held that the penalty might properly be assessed against directors (Botta v Scanlon, supra) and also against stockholders who were not officers or directors of the corporation (Tiffany v United States, 228 F Supp 700). One who was not the disbursing officer of the corporation but had the final word as to what bills should or should not be paid has been held to be a responsible "person” within the meaning of the Federal statute (Wilson v United States, 250 F2d 312). Further, in Markewich v United States (DC NY 61-1 USTC ¶ 9241), an attorney who agreed to lend a corporation sufficient money to continue in business and was appointed its treasurer, was held to be a "person” responsible for the collection and paying over of money withheld from employees. In the case at bar, the petitioner not only loaned money to the MacLean Construction Corp. but was its treasurer and during the years 1965, 1966 and 1967 was on the corporate payroll. As treasurer of *934 the corporation he was charged with the duty of withholding tax moneys from the corporate employees and if he delegated that duty to another, he was responsible to see that such other carried out the mandate of the law. His acknowledged failure to do the former and his inferred failure to do the latter, in the face of numerous quarterly formal notices and demands from the tax department, constitutes that degree of willfulness which as a responsible “person” within the meaning of section 685 of the Tax Law makes him liable for a penalty equal to the tax evaded or not paid plus interest.
The petition is dismissed.