In the Matter of THOMAS LEVIN, Petitioner, v NORMAN F. GALLMAN et al., Constituting the State Tax Commission, Respondents.

Third Department, November 20, 1975

*John J. Mullally* for petitioner.

*Louis J. Lefkowitz, Attorney-General (John Forner* and *Ruth Kessler Toch* of counsel), for respondents.

SWEENEY, J. Petitioner was president of Allcrete Corporation (hereinafter Allcrete), a domestic corporation engaged in

the business of construction and installation of concrete foundations, paving site work, and similar construction activities. On January 31, 1966 petitioner filed a semiannual report showing employee income taxes withheld in the amount of $3,986.10. No check for that amount was remitted. Subsequently, a hearing was held and respondent determined that petitioner was personally liable for such withholding taxes pursuant to subdivision (g) of section 685 of the Tax Law. The instant proceeding was instituted to review that determination.

Initially, liability is imposed on the employer for a nonwillful failure to pay over the taxes withheld. (Tax Law, § 685, subd [f].) Ultimate liability on the person obligated to collect and pay over such taxes arises as a penalty only where his failure to do so is willful. (Tax Law, § 685, subd [g].)

The issue presented is whether petitioner's conduct in not paying over such withholding taxes was willful within the meaning and intent of section 685 of the Tax Law. Our research fails to produce any New York case construing the term "willful" as used in section 685. We do find several Federal cases, however, and since the statute in question was patterned after a Federal statute, we may look to the Federal cases for guidance. (See *Matter of MacLean v Procaccino,* 80 Misc 2d 931.)

At the outset it should be noted that the penalty imposed by this statute is civil, not criminal. In the latter context "willful" is generally construed to mean an act done with evil motive, bad purpose or corrupt design. *(Wilson v United States,* 250 F2d 312.) In construing "willful" as used in a similar Federal statute, one court stated, "it is necessary that the person involved voluntarily, consciously, and intentionally pay creditors instead of the United States at a time when he knew that making such payments would produce a preference." *(Newsome v United States,* 301 F Supp 757, 762.)

From an analysis of these and other Federal cases, together with the statute in question, we are of the opinion that the Legislature did not intend that the State be required to prove evil motive in order to establish willful conduct, but intended voluntary and intentional acts, with knowledge of the consequence. Mere nonpayment, in and of itself, however, is not, in our view, sufficient to establish willfulness, nor do we believe the Legislature so intended. As applied to the omission of a statutory duty, the word "willful" does not apply to mere

inadvertence, but to an intentional failure to comply with the law. (Ballentine's Law Dictionary [2d ed].) Each case, nevertheless, must be assessed in light of its own peculiar facts and circumstances.

The instant record establishes that prior to January 31, 1966, the Lawrence Concrete Corp. (hereinafter Lawrence), in an effort to obtain a share of the concrete market, financed the operation of petitioner's corporation at a loss; that when Allcrete needed money Lawrence loaned it to it; that petitioner, as president of Allcrete, caused the January, 1966 return to be filed; that there was no money available at that time to pay over the taxes withheld; that petitioner expected the money to be attainable at a later date; that shortly after the return was filed Lawrence notified Allcrete that it would not supply further funds; that Allcrete thereafter became a "constructive bankrupt"; that at no time after the return was filed did Allcrete receive moneys for the payment of such taxes; that petitioner knew the corporation made the deductions during the period involved and that the moneys were meant to be turned over to the State. The record, however, does not demonstrate that the corporation paid any other creditor after the date of the tax liability involved. Furthermore, it is significant that respondent found petitioner not guilty of fraud or bad motive.

It is fair and reasonable to conclude from a reading of the entire record that respondent's finding of willfulness is based solely on the ground that petitioner knew that the withholding taxes were to be paid to the State and he failed to do so. To hold that such was willful conduct renders the word "willful", as used in this statute, superfluous and meaningless. Viewing this record as a whole, therefore, we are persuaded that petitioner did not willfully fail to pay the State the moneys withheld by Allcrete. Consequently, he is not subject to the penalty imposed by subdivision (g) of section 685 of the Tax Law and the determination, therefore, must be annulled.

The determination should be annulled, and the petition granted, with costs.

GREENBLOTT, J. P., KOREMAN, MAIN and REYNOLDS, JJ., concur.

Determination annulled, and petition granted, with costs.