Marlin Matthew TODD, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4692.

Supreme Court of Wyoming.

June 30, 1977.

R. B. Smaha of Spratt & Smaha, Buffalo, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Steven Mackey, Sp. Asst. Atty. Gen., and Gregg Goddard, County and Prosecuting Atty., Johnson County, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

GUTHRIE, Chief Justice.

Marlin Matthew Todd, appellant, was convicted of the crime of willful destruction of public property in violation of § 6–227.1, W.S.1957, 1975 Cum.Supp., and sentenced to a term of from one to three years. In seeking reversal of this conviction he raises four contentions:

1. That § 6–227.1 is unconstitutional, being vague and overbroad.
2. That the court erred in not dismissing this case because the State had destroyed essential material evidence.
3. That the court erred in failing to exclude evidence of other crimes.
4. That the instructions were conflicting and confusing, resulting in plain error.

On August 31, 1975, Defendant Todd ran a stop sign in Buffalo, Wyoming, and when pursued by police officers drove out of town and onto Highway 90, the pursuing officers

then calling for assistance by radio. Deputy Sheriff Jennings and Highway Patrolmen Kozisek and Warner joined in the effort to stop defendant. Jennings attempted to set up a road block but Todd got around and proceeded up the highway at high speed and in an erratic manner. The patrolmen, using both siren and flashing lights, continued the pursuit; and although they shot several times at his tires were not able to stop him. Todd turned from Highway 90 onto Highway 97, and after pursuit for some 2.4 miles, at least one and possibly two tires on Todd's vehicle became flat and he stopped. The patrol car stopped immediately behind him and before either of the patrolmen could get out of the car Todd began reversing his vehicle at a considerable rate of speed. The driver of the patrol car, in an effort to avoid a collision, also began backing up, but while both vehicles were still in motion Todd's vehicle struck the State patrol car on the grill. The patrolman kept backing the car up and managed to get some distance from Todd when he was forced to stop suddenly to avoid the following sheriff's car. After this stop Todd rammed the rear of his pickup into the patrol car and damaged it in such manner and to such extent that it had to be towed from the scene. The jury found that the State car suffered damages in the sum of $1246.84.

## CONSTITUTIONALITY OF THE STATUTE

Appellant asserts that the statute in question is unconstitutional or impinges upon his constitutional rights in violation of Article 1, §§ 2, 6, 7, 14 and 15 of the Wyoming Constitution, and the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

After this scatter-gun blast, appellant, in pursuit of his contentions, fails to recognize the necessity of presenting cogent or applicable authority or argument, which is required before we can reach a question, *Alcala v. State*, Wyo., 487 P.2d 448, 456, certiorari denied 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466, rehearing denied 406 U.S. 911,

92 S.Ct. 1613, 31 L.Ed.2d 823; *Johnson v. State*, Wyo., 562 P.2d 1294, 1299, and authorities therein cited.

He further fails to recognize the necessity of showing that he is adversely affected by the claimed constitutional infirmity, *Johnson v. Schrader*, Wyo., 507 P.2d 814, 818, and authorities cited; *Budd v. Bishop*, Wyo., 543 P.2d 368, 371, and authorities cited. Constitutional questions are not to be decided at random, but must be fully presented, *Hamblin v. Arzy*, Wyo., 472 P.2d 933, 934; *Johnson v. Schrader*, supra, 507 P.2d at 819, and cases cited. In our disposal no discussion will be made unless these alleged constitutional infirmities are presented in such manner as we can properly reach them. The portion of the statute which is attacked (§ 6–227.1(a), W.S.1957, 1975 Cum. Supp.) is as follows:

"Any person who willfully injures or destroys, any property of another or public property, is guilty of a crime."

Appellant levels a two-pronged attack upon this statute when taken in conjunction with § 6–152, W.S.1957, alleging as the first basis thereof that, because in this case the injury or destruction of non-corporate property would be treated differently than property of a corporation, it would create discriminatory standards of punishment and constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 1, § 14 of the Wyoming Constitution. He adds to this the contention that this results in a violation of the Fourteenth Amendment to the United States Constitution and Articles 1 and 2 of the Wyoming Constitution because there is a different penalty under these statutes, although the crimes differ only in the identity of the victim. The record reveals this assertion was not raised or even suggested to the trial court, thus we cannot reach it on appeal, *Hampton v. State*, Wyo., 558 P.2d 504, 507, and cases cited.

From an examination of the record, briefs and arguments herein, and in light of the authorities governing their disposal, the only question we can properly consider is

whether the word "willfully" as used in this statute is vague and ambiguous and whether it comprehends and includes the necessary element of intent. We find little difficulty in a disposal. Even without citation of authority, it is impossible to give credence to the suggestion that any intelligent person could not readily determine or be advised of the behavior which is forbidden or proscribed by this statute. The word "willfully" in a penal statute is not ambiguous, *State v. Stewart,* 73 Wash.2d 701, 440 P.2d 815, 817.

In criminal law the word "willfully" takes its meaning from the context in which it is used or from the nature of the criminal act involved, 22 C.J.S. Criminal Law § 31(4), p. 112. A most acceptable and applicable definition of the word "willful" in such statute appears in the case of *United States v. Murdock,* 290 U.S. 389, 54 S.Ct. 223, 225, 78 L.Ed. 381:

> "The word often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But, when used in a criminal statute, it generally means an act done with a bad purpose. * * *"

A much stronger statement appears in the case of *Parker v. Sutton,* 47 Ala.App. 352, 254 So.2d 425, 431:

> " * * * The connotation of the word 'willful' as we used it and as it appears almost invariably in legal phraseology is one of premeditated wrong, an act done with evil intent or bad motive or purpose, unlawful, and without legal justification. * * *"

See *State v. Vinzant,* 200 La. 301, 7 So.2d 917, 922, and *Levin v. Gallman,* 49 A.D.2d 434, 375 N.Y.S.2d 185, 187. Under these authorities we glean and do hold that in this statute the word "willfully" as used therein is not vague or ambiguous and does include and comprehend an unlawful and evil intent. It therefore cannot be held to be violative of the due process standard of Article 1, § 6 of the Wyoming Constitution as being vague or overbroad, and the same construction would necessarily be placed thereon when considered with the due process clause in the Fifth or Fourteenth Amendments to the Constitution of the United States.

## MOTION TO DISMISS FOR DESTRUCTION OF ESSENTIAL MATERIAL EVIDENCE

■ Among other claims, defendant asserts that this involves a denial of due process. No attempt is made to pursue or demonstrate this contention, and it will not be considered.

This involves a claimed refusal to allow defendant's attorney or his experts to examine the damaged patrol car, which had been repaired by the time that this original motion was filed on December 12. Appellant bases this claim upon Rule 18(b), W.R. Cr.P., which would permit the defendant, upon proper motion, to inspect the automobile which was in the possession and custody of the State. Although no such motion was filed, it is essential to mention that Rule 18(g), W.R.Cr.P., provides for the filing of such motion within ten days after the arraignment, or at such reasonable later time as the court might permit. Strangely enough, this record is barren of any such motion to allow defendant to make such inspection, although defendant's attorney in an affidavit claims that such motion was filed in the court of the justice of the peace on October 16. The justice of the peace bound this man over and transmitted the record to the district court on October 14, and the defendant was arraigned on October 16, the day that appellant's attorney claims he was filing such motion with the justice of the peace court. Defendant sought to have the matter dismissed because of his inability to inspect the automobile, and because it had been repaired prior to the date he filed this so-called motion to dismiss. The ruling of the trial judge, made at the time this was called to his attention and argued before him, is self-explanatory and requires little, if any, support. In making that ruling the court said:

> "I do note that the defendant was arrested on the first of September 1975, and evidently retained counsel soon thereaft-

er, so it would appear that there would have been ample opportunity to secure any type court assistance to examine the automobile."

We find it amazing that defendant's counsel would now attempt to base a dismissal upon this ground, when it could have been easily avoided, as the trial court observed, had he exercised diligence and care.

Defendant did not utilize the provisions of Rule 18(b), and the case of *Coca v. State*, Wyo., 423 P.2d 382, 384, is applicable wherein we called attention to the fact that the right to such examination flows from either a statute or rule, or rests in the discretion of the court. Under these facts, it would appear that the court exercised its discretion properly and did not abuse the same.

## EVIDENCE OF OTHER CRIMES

■ Appellant raises the question that the trial court committed error by its failure to exclude evidence relating to other crimes to his substantial prejudice. So that the reason for our disposal will be clear, we will set out in full the only mention or description of the evidence attacked as appears in his brief:

"The testimony of the State's witness, Patrolman Warner, established a definite time and place that the offense charged occurred. *Record on Appeal*, Vol. 2, p. 17. His preceding testimony related a series of events that led up to the episode which resulted in the charges in this case being filed. The reality of these events were substantiated by the testimony of the State's witness, Patrolman Kozisek, *Record on Appeal*, Vol. 2, p. 69, *et seq.* A Motion to Restrict this testimony was denied by the Trial Court on February 11, 1976. *Record on Appeal*, Vol. 1, p. 76. During the trial, repeated objections were made to this line of questioning."

We will not reach this question because of the failure to comply with Rule 12 of the Wyoming Supreme Court. The portions of that rule applicable hereto are as follows:

*Rule 12(b)(4):*

" * * * The statement shall not contain evidentiary matter *unless material to a proper consideration of the questions presented, in which instance a reference shall be made to the page of the record where such evidence appears.* * * * *"* (Emphasis supplied.)

*Rule 12(c)(4):*

"A succinct statement of the argument of the party presenting the brief, including a specific enumeration by appellant of the points upon which he relies for reversal or modification."

In his brief appellant totally failed to call attention to any question, any answer, or any objection which involved allegedly inadmissible testimony, nor any specific page upon which they appear. Nor does his brief in any manner comport with the requirements of Rule 12(c)(4), failing as it does to include any specific enumeration by the appellant of the questions and answers which he deems prejudicial.

At an earlier time, and under our old Rule 14, this court in two cases, being *Long v. State*, 15 Wyo. 262, 88 P. 617, 619–620, and *Simpson v. Occidental Building & Loan Ass'n*, 45 Wyo. 425, 19 P.2d 958, suggested that when there was failure to comply with a comparable rule the court need not consider the question. The sole case involving a similar question since the adoption of the rule is the case of *Texas Gulf Sulphur Company v. Robles*, Wyo., 511 P.2d 963, 967–968, where a claim of error was directed at 77 pages of testimony, and the brief therein set out only scattered questions and answers which were termed "illustrative." We held in that case that we could not consider the objection and that there was inadequate briefing, which we believe decisive in this matter. This is not an isolated holding because it has been invoked or recognized in jurisdictions having similar rules, *State v. Miles*, Mo., 364 S.W.2d 532, 537, 9 A.L.R.3d 1266; *Edwards v. United States*, 8 Cir., 333 F.2d 588, 590–591; 24A C.J.S. Criminal Law § 1811, pp. 456–457; 5 Am. Jur.2d, Appeal and Error, § 670, pp. 118–119. The failure to comply with a similar rule was treated as a waiver of the alleged error in *Newman v. State*, 254 Ind. 578, 261 N.E.2d 364, 370, and *State v. Morris*, 142 W.Va. 303, 95 S.E.2d 401, 406.

## PLAIN ERROR IN INSTRUCTIONS

█ Counsel concedes that no objection was made to the instructions when given and upon which he now bases this contention, but seeks to use the crutch of plain error to invoke our review. Counsel did not have the benefit of *Hampton v. State*, Wyo., 558 P.2d 504, and *Daellenbach v. State*, Wyo., 562 P.2d 679, which were decided after he filed his brief. In light of these cases he fails to satisfy the burden of demonstrating "plain error." Appellant insists that the court gave contradictory and conflicting instructions to the jury. He claims that because the court had instructed the jury that they should find the cost of restoring the injured property and thereafter instructed the jury that their sole concern was to determine the guilt or innocence of defendant, after a written inquiry from the jury as to whether they might recommend leniency, that this was contradictory and conflicting and defendant was plainly prejudiced. It is to be noted that appellant nowhere suggests that both were not correct statements of the law. This writer finds difficulty in seeing either the conflict or contradiction in these instructions, but does consider this assertion is only arguable at best and that plaintiff has failed to "demonstrate the existence of a clear and unequivocal rule of law which the particular facts transgress in a clear and obvious, not merely arguable, way." *Hampton v. State*, supra, at 507.

Affirmed.

RAPER, Justice, specially concurring.

I understand the opinion of the court to say that our ruling is under the due process standard of § 6, Art. 1, Wyoming Constitution, not comparable provisions of the Constitution of the United States. We have been definite in this position and established a policy that our holdings be under the Wyoming Constitution where possible and not the Constitution of the United States, in *Vigil v. State*, Wyo.1977, 563 P.2d 1344; *Raigosa v. State*, Wyo.1977, 562 P.2d 1009; *Dodge v. State*, Wyo.1977, 562 P.2d 303; and, *Richmond v. State*, Wyo.1976, 554 P.2d 1217.

With that understanding, I concur.

ROSE, Justice, specially concurring, with whom McCLINTOCK, Justice, joins.

Since the proffered opinion contains the following language:

" . . . It therefore cannot be held to be violative of the due process standard of Article 1, § 6 of the Wyoming Constitution as being vague or overbroad, and the same construction would necessarily be placed thereon when considered with the due process clause in the Fifth or Fourteenth Amendments to the Constitution of the United States."

I understand the opinion to say that the holding is under *both* the Federal and the State constitutions.

With this understanding, I concur.