**Robert IRWIN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5777.**

Supreme Court of Wyoming.

Feb. 7, 1983.

Phillip D. Koontz, Laramie, signed the brief and appeared in oral argument on behalf of appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen. and Allen C. Johnson, Sr. Asst. Atty. Gen., signed the brief and Mr. Johnson appeared in oral argument on behalf of appellee.

Before ROONEY, C.J.,* and RAPER, THOMAS, ROSE,** and BROWN, JJ.

ROONEY, Chief Justice.

Appellant-defendant, Robert Irwin, shot and killed a dog valued at $200 which was owned by Mark and Rhonda Kincaid. Appellant was tried in county court without a jury and was found guilty of willfully destroying the property of another valued at less than $500 in violation of § 6–10–105(a)(i), W.S.1977.[1] The district court affirmed appellant's conviction. On appeal to this court, appellant contends:

1. That the willful destruction of another's property requires proof of an unlawful or evil intent which proof is not present in this case;

2. That the requisite intent was nullified by appellant's reasonable and honest mistake of fact, i.e. that the dog was wild;

3. That the dog was not the property of another under Wyoming law, specifically § 11–31–211, W.S.1977;[2] and

4. That the district court erred in not ruling on appellant's motion for submission of the appeal on the record and appellant's brief since appellee's brief was not filed timely.

We affirm.

* Became Chief Justice on January 1, 1983.

** Chief Justice at time of oral argument.

1. Section 6–10–105(a)(i) provides:
   "(a) Any person who willfully injures or destroys, any property of another or public property, is guilty of a crime:
   "(i) If the cost of restoring injured property, or the value of the property if destroyed, is less than five hundred dollars ($500.00), a person violating this section may be fined up to one hundred dollars ($100.00), imprisoned in county jail up to six (6) months, or both."

2. Section 11–31–211 provides:
   "The owner of a dog has no property right in an unlicensed dog, nor does he have any right of action against any person for the destruction of the dog."

The Kincaids and a friend went on an outing in the country west of Green River on January 1, 1982. On their way home, they allowed their three dogs to run along side their truck. At one point the dogs were running along the crest of a hill approximately 50 feet from the Kincaids' truck. Appellant and a friend were on the other side of the hill approximately 80 yards from the dogs. Both groups of people could see the dogs but they could not see each other. Appellant watched the dogs for a short time through his rifle scope and then shot and killed one of the dogs, a Black Labrador named Pepper. At trial, appellant admitted that he intended to kill the dog, but stated he thought the dog was wild. He also brought § 11–31–211, supra, to the trial court's attention.

### SUFFICIENCY OF EVIDENCE

■ The first two issues raised by appellant challenge the sufficiency of the evidence on the element of intent.

" 'The oft-repeated rule by which we test the sufficiency of evidence on appeal of a criminal matter is that we examine and accept as true the evidence of the prosecution, leaving out of consideration entirely the evidence of the defendant in conflict therewith, and we give to the evidence of the prosecution every favorable inference which may reasonably and fairly be drawn therefrom. Stated another way—it is not whether the evidence establishes guilt beyond a reasonable doubt for us, but rather whether it is sufficient to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by the jury when the evidence is viewed in the light most favorable to the State. [Citations.]' *Harvey v. State,* Wyo., 596 P.2d 1386, 1387 (1979). * * * ' " *Grabill v. State,* Wyo., 621 P.2d 802, 803 (1980). We apply this same standard when the case is tried to the court. *Fitzgerald v. State,* Wyo., 599 P.2d 572, 573 (1979).

In *Todd v. State,* Wyo., 566 P.2d 597 (1977), we considered whether the word willfully as used in § 6–10–105(a), supra,

fn. 1, (then § 6–227.1(a), W.S.1957, Cum. Supp.1975), is vague and ambiguous and includes the necessary element of intent. We there held that:

"In criminal law the word 'willfully' takes its meaning from the context in which it is used or from the nature of the criminal act involved, 22 C.J.S. Criminal Law § 31(4), p. 112. A most acceptable and applicable definition of the word 'willful' in such statute appears in the case of *United States v. Murdock,* 290 U.S. 389, 54 S.Ct. 223, 225, 78 L.Ed. 381:

" 'The word often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But, when used in a criminal statute, it generally means an act done with a bad purpose. * * * '

"A much stronger statement appears in the case of *Parker v. Sutton,* 47 Ala.App. 352, 254 So.2d 425, 431:

" ' * * * The connotation of the word "willful" as we used it and as it appears almost invariably in legal phraseology is one of premeditated wrong, an act done with evil intent or bad motive or purpose, unlawful, and without legal justification. * * * '

"See *State v. Vinzant,* 200 La. 301, 7 So.2d 917, 922, and *Levin v. Gallman,* 49 A.D.2d 434, 375 N.Y.S.2d 185, 187. Under these authorities we glean and do hold that in this statute the word 'willfully' as used therein is not vague or ambiguous and does include and comprehend an unlawful and evil intent. * * * " Id. at 599.

■ Viewed in the light most favorable to the prosecution and giving the evidence every favorable inference which may be reasonably drawn therefrom, it is apparent that the trial court could have reasonably inferred that appellant acted willfully. The dog was owned by Mark Kincaid. It had a shiny coat and did not look like a wild dog. Appellant closely observed the dog through his powerful scope. The owners had never had any problem with the dog chasing animals and it was not chasing any game or livestock when shot. From the foregoing, it

was reasonable for the trial court to infer that appellant acted willfully, as that term is defined in *Todd,* supra, when he killed the dog.

These same facts lead to the rejection of appellant's second contention, i.e. that he made a reasonable and honest mistake of fact that the dog was wild. From the testimony that the dog was owned by Mark Kincaid and did not look wild, the trial court could find that appellant did not make a reasonable and honest mistake.

There is adequate evidence in the record from which a reasonable inference of guilt beyond a reasonable doubt could be drawn by the trial court.

### PROPERTY RIGHT IN DOG

■ At trial appellant raised the defense that under § 11–31–211, a dog is not property. Section 11–31–211 was passed as part of a comprehensive set of statutes authorizing the establishment of dog control districts and providing for the licensing of dogs and the destruction of unlicensed dogs by the sheriff. Ch. 27, S.L. of Wyoming 1933 (Special Session). That set of statutes was codified as §§ 11–31–201 through 11–31–211, W.S.1977.[3]

Had appellant shown that owners of dogs residing in unincorporated areas of Sweetwater County, such as the Kincaids, were required to license their dogs, § 11–31–211, supra, we may have been required to reverse appellant's conviction. However, the record indicates, and the trial court found, that there is no requirement that persons living in an unincorporated area of Sweet-

water County are required to license their dogs. Therefore, we affirm the holding of the trial court and of the district court that the Kincaids' dog was personal property, § 11–31–102, W.S.1977;[4] 4 Am.Jur.2d Animals § 6 (1962).

### APPELLANT'S MOTION

■ Appellant's final contention is that the district court erred in not ruling on appellant's motion for submission of the case on the record and appellant's brief since appellee had not filed its brief timely. Appellant cites Rule 5.11, W.R.A.P.,[5] for the proposition that appellee's brief should not be considered.

However, there is no indication in the record that the district court did consider appellee's brief or that the matter was subject to oral argument. Appellee's brief was a two-page brief without a single case citation. The district court did not rule on appellant's motion, and appellant does not now ask for any relief. Lacking submission of cogent argument and supporting authorities by appellant, we will not further consider the issue. *Jackson v. State,* Wyo., 624 P.2d 751 (1981), cert. denied, 451 U.S. 989, 101 S.Ct. 2327, 68 L.Ed.2d 848 (1981); *Weddle v. State,* Wyo., 621 P.2d 231 (1980); *Elder v. Jones,* Wyo., 608 P.2d 654 (1980); and *Todd v. State,* supra.

There was sufficient evidence from which to infer that appellant acted willfully and not under a mistaken belief of fact that the dog was wild. The dog was the property of another. Appellant's conviction is affirmed.

---

**3.** Sections 11–31–201 through 11–31–210 were replaced by § 11–31–301, W.S.1977, Cum. Supp.1982, which deals with dogs running at large. Ch. 124, § 2, S.L. of Wyoming 1979.

**4.** Section 11–31–102 provides:
"Dogs are personal property and the subject of larceny the same as other personal property. The value in any criminal prosecution shall be determined as in other cases. Evidence of the assessor or collector of taxes as to the amount for which dogs are returned is admissible in evidence as tending to show value but is not conclusive."

**5.** Rule 5.11, W.R.A.P., provides:

"When the party holding the negative has failed to file and serve his brief as is required by these rules, and the brief of the party holding the affirmative has been duly filed and served within the time required, the party holding the affirmative may submit the case, with or without oral argument, and the other party shall not be heard. A case may be placed on the term docket at any time for the purpose of enforcing this rule. If in any case the party holding the affirmative fails to file his brief within the time fixed by law or the rules herein, the case may be dismissed on the ground of want of prosecution."